CARPENTER v. TOWNSHIP OF BLOOMINGDALE.

1. MUNICIPAL CORPORATIONS—TOWNSHIPS—HIGHWAYS AND STREETS —NEGLIGENCE.

In an action against a township for personal injuries alleged to have been caused by the dangerous condition of a highway, whether defendant was negligent in maintaining the traveled part of the highway only 12 or 13 feet wide, and in failing to maintain any barrier or railing along the side of a 7-foot embankment, *held*, a question for the jury.

2. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

It is not necessarily negligence to travel at night on a public highway.

3. SAME—PRESUMPTION IS THAT HIGHWAY IS REASONABLY SAFE.

One has a right to assume that the highway is in a reasonably safe condition.

4. SAME — CONTRIBUTORY NEGLIGENCE — CARE REQUIRED COMMENSURATE WITH OBVIOUS CONDITIONS.

It is the duty of one traveling on a highway to use that degree of prudence and care commensurate with the obvious conditions.

On degree of care of traveler on highway at night, see notes in 21 L. R. A. (N. S.) 655, 656; 48 L. R. A. (N. S.) 637.

5. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Where plaintiff, while driving over a highway on a dark
   and rainy night, was injured by the wagon in which she
   was riding sliding off the edge of the traveled way and
   down an embankment because she mistakenly drove too
   close to the edge, but she testified that she was watching
   closely and keeping the team straight ahead as near as
   she could, her contributory negligence was a question for
   the jury.

6. SAME—TRIAL—INSTRUCTIONS—APPEAL AND ERROR.
   Although the trial judge twice instructed the jury that it
   was the duty of the township to keep the highway "in
   a good and safe condition," where, in each instance, just
   before using the quoted words, he used the word "reason-
   able" or "reasonably" in stating such duty, and in other
   instances told the jury in substance that it was the
   duty of the township to keep the highway in a condition
   "reasonably safe and fit for public travel," and it cannot
   be said that the jury was misled, there was no reversible
   error in said instruction.

7. SAME—CROSS-EXAMINATION—EVIDENCE.
   Where there was no evidence or claim that plaintiff's
   horses ran away, were kicking, or were otherwise un-
   manageable, and there was no claim that her injuries
   were in any way caused or contributed to by any mis-
   behavior of the horses, there was no error in sustaining
   objection to a question asked plaintiff's husband if they
   didn't kick everything all to pieces occasionally.

Error to Van Buren; Des Voignes (L. Burget), J. Submitted April 30, 1924. (Docket No. 71.) Decided June 2, 1924.

Case by Annie L. Carpenter against the township of Bloomingdale for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*L. J. Lewis* and *Thomas J. Cavanaugh,* for appellant.

*W. J. Barnard,* for appellee.

CLARK, C. J.    On a dark, rainy night, plaintiff was

driving a team of horses, hitched to a farm wagon, on a country highway.  Her husband rode with her in the wagon seat.  They, going north, were facing the rain, and, to avoid that, temporarily at least, they left the road usually traveled by them, turned west to go home by another highway, with which plaintiff was not familiar.  While crossing a fill between two hills, the hind end of the wagon slid off the edge of the traveled way, the team and wagon were precipitated down the embankment.  Plaintiff was thrown and severely injured.  She testified that on that portion of the road there was loose gravel, that—

"When I struck that I leaned forward and I was watching the team very closely and I could just determine the light streak of water and gravel in front of me and held the team straight ahead as near as I could in that streak."

There was no railing or barrier along the embankment, which was about 7 feet high, having a sloping side about 10 feet in length.  The wrought or traveled portion of the road was about 12 to 13 feet wide.  There is no question that it was the duty of the defendant township to keep this highway in a condition reasonably safe and fit for public travel.  Plaintiff had verdict and judgment for $900.  Defendant brings error.

Plaintiff claims that the proximate cause of her injury was the want of any barrier or railing along the side of the embankment, and the narrow surface of the artificial embankment.  Whether the township was negligent in this regard was, under the circumstances, a question for the jury, and it was submitted to them.  *Malloy* v. *Township of Walker,* 77 Mich. 448 (6 L. R. A. 695) ; *Lubbers* v. *Township of Manlius,* 172 Mich. 387; *Harris* v. *Township of Clinton,* 64 Mich. 447 (8 Am. St. Rep. 842) ; *Shaw* v. *Township of Saline,* 113 Mich. 342; Baldwin on Personal Injuries (2d Ed.), § 246.

It is urged that the plaintiff was guilty of contributory negligence as a matter of law, and that verdict should have been directed for that reason. It is not necessarily negligence to travel at night. *Baker* v. *City of Grand Rapids*, 111 Mich. 447. Plaintiff had a right to assume that the highway was in a reasonably safe condition. 29 C. J. p. 703; 13 R. C. L. p. 472. It was her duty to use that degree of prudence and care commensurate with the obvious conditions. 28 Cyc. p. 1432. Mistakenly, she drove too close to the edge of the embankment. But she was watching closely. She could see "the light streak of water and gravel in front" and "held the team straight ahead as near as I could in that streak." Whether she was negligent, under all the circumstances, was properly submitted to the jury. See 21 L. R. A. (N. S.) 655, and 48 L. R. A. (N. S.) 637, for review of cases on this question; *Baker* v. *City of Grand Rapids, supra.*

It is pointed out that twice in the charge the trial judge referred to the duty of the township as being to keep the highway "in a good and safe condition." In each instance, just before using the quoted words, and in the same paragraph, the judge had used the word "reasonable" or "reasonably" in stating such duty and the language complained of was an abbreviated reference to the former correct statement. And in 13 other instances the judge told the jury, in substance, that it was the duty of the township to keep the highway in a condition "reasonably safe and fit for public travel." And in a single concise instruction he said:

"All that is required under the statute is that the township provide a road that is reasonably safe and fit for public travel."

We think the jury was not misled. The charge, taken as a whole, sufficiently stated plaintiff's duty

under the circumstances, covered the substance of defendant's requests, and fairly submitted the case to the jury.

While plaintiff's husband was testifying, counsel for defendant asked respecting the team, "Didn't they kick everything all to pieces occasionally?" to which objection was made and sustained. As the record then stood (and as it now stands), it was undisputed that plaintiff herself mistakenly guided the horses out of the center of the traveled way. There was no evidence or claim that the horses ran away, were kicking, or were otherwise unmanageable. Had there been any evidence that any misbehavior by the horses had caused or contributed to cause the accident, then evidence of the disposition and character of the horses in that regard would have been admissible, otherwise not admissible. Hence, the ruling is right.

In *Maggi* v. *Cutts*, 123 Mass. 535:

"There was no evidence tending to show that the horse at the time of the accident baulked or stumbled, or became unmanageable or contrary, or that the accident was caused by any vice, fault or defect on the part of the horse, or that any such vice, fault or defect contributed to the accident."

And upon such facts the court said:

"The whole evidence on the part of the plaintiff, as to the qualities of the horse, was entirely immaterial, and all evidence of the vicious character of the horse, as well before as after the injury, was incompetent and inadmissible, for the character of the horse is wholly and utterly immaterial, unless his conduct at the time contributed to the injury."

Other assignments have been examined. No reversible error appears.

Judgment affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.