VOSE *v.* TOWNSHIP OF RICHLAND.

HIGHWAYS AND STREETS—MUNICIPAL CORPORATIONS—NEGLIGENCE—BARRIERS.

> One who was injured by his buggy sliding down the side of a fill in a highway 3 to 4 feet high, with sides of sand sloping at an angle of about 45 degrees, may not predicate negligence on the failure of the township to maintain the fill wider than 10 to 11 feet on the traveled part, and failure to erect railings or barriers.

Highways, 29 C. J. §§ 447, 452, 486.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 13, 1928.    (Docket No. 31.)    Decided February 14, 1928.

Case by Otto Vose against the township of Richland for personal injuries.    Judgment for defendant *non obstante veredicto*.    Plaintiff brings error.    Affirmed.

*Charles H. Farrell,* for appellant.

*Mason & Sharpe,* for appellee.

CLARK, J.    Plaintiff drove a horse and buggy in the daytime on a public highway of defendant township.    The road was not much traveled.    A witness spoke of it as a lane.    While passing over a fill between two hills the horse became frightened at a pile of rubbish on the roadside and shied.    The buggy slid down the side of the fill and tipped over and plaintiff was injured.    The rubbish had been placed on the roadside the same day and it is not contended that defendant was in fault in that regard.    The fill or traveled portion of the road was 10 to 11 feet wide and 3 to 4 feet high, having sides of sand sloping at about 45 degrees.    There were no railings or barriers. There was some testimony that the surface of the road was uneven, but we find no negligence in that respect. Plaintiff had verdict and judgment, but, on decision of a reserved motion to direct a verdict, defendant had judgment.    Plaintiff brings error.

Defendant's negligence, if any, must consist in having the traveled way too narrow and in not having railings or barriers.    Of that the trial judge said in ordering judgment:

"The record does not justify the inference that the fill at the point of the accident was not in reasonable repair, or that it was not in a condition reasonably

safe and convenient for public travel;" citing *Canfield* v. *Township of Gun Plains*, 175 Mich. 379.

Language used in that case is decisive of this:

"Whether ordinary care requires the construction of a railing by the sides of a steep embankment is frequently a question for the jury (*Malloy* v. *Township of Walker*, 77 Mich. 448 [6 L. R. A. 695]); but we are of opinion that the case at bar is not one in which the jury should be permitted to infer negligence from the absence of such barriers. Nor can such an inference be drawn from the fact that the fill was only from nine to eleven feet wide. In practically every municipality in the State such fills exist. To predicate liability upon a failure to guard, by railing, a fill of only three or four feet on a level highway would, we think, impose upon municipalities a duty greater than the statute imposes."

No other question need be discussed. We find no error.

Judgment affirmed.

NORTH, FELLOWS, WIEST, and MCDONALD, JJ., concurred. SHARPE, J., did not sit.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.