## MULLINS *v.* WAYNE COUNTY

### OPINION OF THE COURT

1. HIGHWAYS—REPAIR—CONSTRUCTION—STATUTE.

   The view that there is a duty to keep a road in reasonable repair—to maintain the *status quo*—but not a duty to construct or keep the road so that it is reasonably safe and convenient for public travel has not been the rule since enactment of the statute defining duties of counties with respect to roads (MCLA § 224.21).

2. HIGHWAYS—DUTY—ROAD BUILDING AUTHORITY.

   The duty of a road authority goes beyond the preservation of the *status quo*, in that it has the affirmative duty to design and construct a road and keep it reasonably safe and convenient for public travel.

---

### REFERENCES FOR POINTS IN HEADNOTES

[1]  39 Am Jur 2d, Highways, Streets and Bridges §§ 202, 345.
[2]  39 Am Jur 2d, Highways, Streets and Bridges §§ 72–74.
[3, 11]  39 Am Jur 2d, Highways, Streets and Bridges §§ 402, 404.
[4]  50 Am Jur, Statutes § 442.
[5]  39 Am Jur 2d, Highways, Streets and Bridges § 402.
[6]  41 Am Jur, Pleading §§ 340–343.
[7]  39 Am Jur 2d, Highways, Streets and Bridges §§ 486, 488–490, 523, 524, 527, 528.
[8]  38 Am Jur, Negligence §§ 344, 351.
[9]  39 Am Jur 2d, Highways, Streets and Bridges §§ 398, 401, 491.
[10]  39 Am Jur 2d, Highways, Streets and Bridges §§ 405, 406.
[12]  39 Am Jur 2d, Highways, Streets and Bridges §§ 397–407.
[13]  50 Am Jur, Statutes §§ 534, 542.
[14, 20]  50 Am Jur, Statutes § 350.
[15]  39 Am Jur 2d, Highways, Streets and Bridges §§ 398, 491.
[16]  50 Am Jur, Statutes § 403.
[17]  39 Am Jur 2d, Highways, Streets and Bridges §§ 342, 345, 372, 397, 398.
[18]  38 Am Jur, Negligence § 27.
[19]  39 Am Jur 2d, Highways, Streets and Bridges §§ 397, 398, 407.
[21, 22, 25]  39 Am Jur 2d, Highways, Streets and Bridges §§ 341, 345, 346.
[23]  41 Am Jur, Pleading §§ 340–343.
[24]  50 Am Jur, Statutes § 350.
[26, 27]  39 Am Jur 2d, Highways, Streets and Bridges §§ 407, 494.

3. Highways—Jury—Negligence—Barriers.

A jury may find negligence for failure of a road authority to provide railings or barriers needed to keep the road reasonably safe and convenient for public travel.

4. Statutes—Construction—Re-enactment.

Early and continuing constructions by the Supreme Court of a statute imposing responsibility for building and maintenance of highways are entitled to be regarded as legislatively approved in the light of subsequent re-enactments which have not sought to change the applicable language (MCLA § 224-.21).

5. Highways—Road Authority—Warning Devices.

As part of its duty to construct and keep a road reasonably safe and convenient for public travel a road authority is required to provide such devices at points of special danger as may be necessary to warn the driver where the margins of the roadway end or to prevent his vehicle from leaving the road.

6. Judgment — Summary Judgment — Negligence — Question of Fact.

Summary judgment for defendant county road commission in case where plaintiff alleged the commission's negligence in failing to erect a visible barricade and signs warning that a road was about to terminate was error; no court can decide whether sufficient evidence of causal negligence was introduced to make a question for the jury on the pleaded issue whether the absence of such barriers and signs is negligence until the evidence of the plaintiff is heard.

7. Highways—Deviation—Negligence—Question of Fact.

Every deviation in direction or surface of a road is not sufficient evidence of negligence on the part of the responsible road commission to entitle a plaintiff to go to the jury.

8. Negligence—Evidence—Sufficiency—Question of Law.

Whether the evidence of causal negligence in a particular case entitles a plaintiff to go to the jury is still a question of law for the court.

9. Highways—Abruptly-Ending Road—Negligence.

A reasonable trier of fact would be justified in concluding that a road which abruptly ends without warning has not been constructed or kept in a reasonably safe manner.

10. HIGHWAYS—DANGERS—DARKNESS.
Dangers surrounding the traveler in the darkness of night are
conditions that should be taken into consideration by the
authorities whose duty it is to construct and keep in repair
a roadway.

11. HIGHWAYS — CONSTRUCTION — SIGNS — BARRIERS — QUESTION OF
FACT.
The trier of fact should be permitted to decide whether failure
to erect a sign or barrier warning that a road is coming to
an end is a flagrant defect in construction.

12. HIGHWAYS—TRAFFIC SIGNALS—STATUTE.
The uniform traffic signal control statute, which authorizes erec-
tion of traffic-control devices in the discretion of a sign-
erecting authority, does not thereby relieve a road authority
of the duty to construct and keep the road reasonably safe
and convenient for public travel (CLS 1961, § 257.610).

13. STATUTES—REPEALS—IMPLICATION.
The principle that repeals of statutes by implication are not
favored is well established.

14. HIGHWAYS—STATUTES—TRAFFIC SIGNALS—PARI MATERIA.
The uniform traffic signal control statute and the statute which
imposes upon road authorities the duty to keep roads under
their jurisdiction in repair and reasonably safe and conven-
ient for public travel are not *in pari materia* (CLS 1961, §§
224.2, 257.610).

DISSENTING OPINION
LESINSKI, C. J., and QUINN, J.

15. HIGHWAYS—NEGLIGENCE—FAILURE TO WARN OF TERMINUS.
*The authority having jurisdiction over a highway cannot be
charged with negligence by virtue of failing to warn the
public of the terminus of the highway.*

16. STATUTES—CONSTRUCTION—COMMON LAW—HIGHWAYS.
*The statute providing liability for improper maintenance of
county roads is in derogation of the common law and can-
not be enlarged by construction (CLS 1961, § 224.21).*

17. HIGHWAYS—ROAD REPAIR STATUTE—WARNING DEVICES—DUTY.
*The statute which requires counties to keep in reasonable repair
all county roads creates no duty on the part of the county
and the board of county road commissioners to do anything
about signs and warning devices (CLS 1961, § 224.21).*

18. Negligence—Duty.

*Negligence requires a breach of duty.*

19. Highways—Traffic Controls—Statute.

*The statute dealing with a uniform system of traffic-control devices says no more than that local authorities are given discretion to place and maintain traffic-control devices on highways under their jurisdiction to indicate and to carry out the provision of the vehicle code or local traffic ordinances or to regulate, warn, or guide traffic and that such devices, if used, shall conform to the state manual and specifications provided by statute (CLS 1961, §§ 257.608, 257.610).*

20. Statutes—Highways—Road Repair Statute—Traffic Control Device Statute—Pari Materia.

*The statute providing liability for improper maintenance of county roads and the statute dealing with traffic-control devices cannot be read* in pari materia *because the statutes do not relate to the same thing nor do they have a common purpose (CLS 1961, §§ 224.21, 257.610).*

DISSENTING OPINION

Holbrook, J.

21. Highways — Legislature — Governmental Immunity — Counties.

*The legislature, by statute, granted limited abrogation of governmental immunity as to suits against a county for improper maintenance of county roads (CLS 1961, § 224.21).*

22. Highways—County Roads—Governmental Immunity—Common Law.

*The legislative act granting limited abrogation of governmental immunity for improper maintenance of county roads has not been changed by decisional law generally narrowing the immunity of cities and counties (CLS 1961, § 224.21).*

23. Pleading—Summary Judgment—Sufficiency of Complaint.

*Summary judgment in favor of defendant county road commission was proper, where plaintiff's complaint for negligence in maintaining road was deficient because it failed to allege that the county has knowledge or notice or should have knowledge or notice of a dangerous condition which it refused, failed, or neglected to correct, and that the injury or injuries to plaintiff were caused in fact or proximately caused by the county's breach of duty.*

24. HIGHWAYS—STATUTES—INCORPORATION BY REFERENCE.

*The statute providing for signs and traffic-control devices is not a part of the statute providing liability for improper maintenance of county roads nor is it incorporated in it by reference or otherwise (CLS 1961, §§ 224.21, 257.610).*

25. HIGHWAYS—TRAFFIC CONTROLS—DUTY—LIABILITY.

*Absent liability based upon reference to another statute, and with failure of the legislature to create liability on the part of the county for its failure to place signs or traffic-control devices on its highways in the act providing for signs and traffic-control devices, no liability can be imposed (CLS 1961, § 257.610).*

26. HIGHWAYS—TRAFFIC CONTROLS—DUTY.

*Statute providing for traffic-control devices does not mandatorily require a county road commission to place traffic-control signs or devices on highways under its jurisdiction (CLS 1961, § 257-.610[a]).*

27. HIGHWAYS—TRAFFIC CONTROLS—NEGLIGENCE.

*Failure of county road commission to place and maintain a proper traffic-control sign or device may deprive it of a possible defense in an action for negligence but such failure does not grant plaintiff a cause of action for negligence.*

Appeal from Wayne, Benjamin D. Burdick, J. Submitted *en banc* May 13, 1968, at Detroit. (Docket No. 1,411.) Decided March 24, 1969. Rehearing on costs granted April 22, 1969. No costs awarded, a public question. Leave to appeal denied October 24, 1969. See 382 Mich 791.

Complaint by Hassie Mullins, special administratrix of the estate of Clifford Ray Dutton, deceased, against Wayne County, the Board of Wayne County Road Commissioners, and Clarence Sell and Lois M. Sell, for the wrongful death of her decedent when an automobile which he was driving went off the end of a county road onto lands owned by defendants Sell. Summary judgment in favor of defendants county and road commissioners. Plaintiff appealed

to Court of Appeals. Affirmed. Plaintiff appealed to Supreme Court. Affirmed by an equally divided court; order of affirmance by equal division of the Supreme Court vacated *sua sponte* and the cause remanded to the Court of Appeals for rehearing *en banc*. See 380 Mich 151. Reversed and remanded.

*Ripple, Chambers & DeWitt (Stanford L. Steiner,* of counsel), for plaintiff.

*Cary, BeGole, Martin, Bohall & Joselyn,* for defendant road commissioners.

BEFORE: The Entire Bench.

T. G. Kavanagh, J.* Plaintiff's decedent was killed when the car he was driving collided with a barrier at the terminus of Mortenview road in Wayne county. Mortenview road terminated at a dead end where it intersected Brest road. There was no sign or other warning device advising of the termination of Mortenview road.

The plaintiff's complaint asserted that the defendant board of county road commissioners had a duty to keep and maintain Mortenview road in a reasonably fit and safe condition for public travel. It asserted that defendants Sell had a duty to maintain their property, which adjoined the terminus of Mortenview road, in such a manner as not to constitute a trap or hazard to persons lawfully using Mortenview road. The complaint asserted the defendants Sell breached their duty by erecting an im-

---

* Thomas Giles Kavanagh, Justice of the Supreme Court, assigned to sit on the Court of Appeals from February 27, 1969, "until the work assigned has been completed" pursuant to Const 1963, art 6, § 4, and CLS 1961, § 600.225, as amended.

movable barrier on their property as they did. It asserted defendant board breached its duty by failing to warn against the terminus of Mortenview road and although it knew or should have known of the trap or hazard created by the barrier erected by defendants Sell, it breached its duty by failure to warn against it. The complaint further asserted that the negligence of the defendants was the cause of the injuries plaintiff suffered.[1]

---

[1] The following paragraphs are from the complaint:

"4. That on or about the 27th day of April, 1964, plaintiff['s] decedent, Clifford Ray Dutton, was operating his 1958 Oldsmobile convertible, license no. HS 8636 in a southerly direction on Mortenview road near its intersection with Brest road in the township of Taylor, county of Wayne, State of Michigan. Mortenview road being at that time a street, highway or thoroughfare maintained and controlled by the board of Wayne county road commissioners which said board had a duty to keep and maintain in a reasonably fit and safe condition for public travel.

"5. That Mortenview road and Brest road in the township of Taylor, county of Wayne, State of Michigan both dead end or terminate at their intersection.

"6. That the defendants Clarence Sell and Lois M. Sell are the owners of the property which adjoins Brest road on the south as well as the southerly termination of Mortenview road at its intersection with Brest road.

"7. That the defendants Clarence Sell and Lois M. Sell have a duty to so maintain their property immediately adjoining Brest road at the southerly terminus of Mortenview road in such a fashion as not to constitute a hazard, trap or nuisance to persons lawfully operating motor vehicles on Mortenview or Brest road.

"8. That about 3:10 a.m. on the 27th day of April, 1964, plaintiff's decedent while lawfully operating his automobile on Mortenview road as aforesaid was unable to ascertain that said Mortenview road came to a dead end at its intersection with Brest road, and as a result of the carelessness and negligence of the defendants failed to come to a stop ·or turn at the south end of Mortenview road and as a result thereof, his car collided with a barrier placed by the defendants Sells on their property at the terminus of Mortenview road which said collision caused grave and severe injuries to the plaintiff['s] decedent resulting in his death, on the 27th day of April, 1964.

"9. The negligence of the board of Wayne county road commissioners consist of the following:

"(a) Failure to post suitable signs or other warning devices along Mortenview road north of its termination at its intersection with Brest road.

The defendant board of county road commissioners moved for summary judgment and the trial court granted it.

After considering the matter carefully we are now convinced the trial court erred even as we erred in our prior decision in *Mullins* v. *Wayne County* (1966), 4 Mich App 359.[2]

## I.

The prior decision of our Court would limit the road authority's obligation under the applicable statute[3] to preservation of the *status quo*. More

---

"(b) Failure to provide a visible barricade or warning device at the termination of Mortenview road despite the fact that it knew or should have known that defendants Clarence Sell and Lois M. Sell had erected and were maintaining a dangerous, immovable, barricade at the termination of Mortenview which was not clearly visible to motorists under all conditions of light and which was wholly unmarked.

"10. That the negligence of the defendants Clarence Sell and Lois M. Sell consisted of creating and maintaining a condition on their property immediately south of the termination of Mortenview road which, by reason of its character constituted an almost invisible trap to motorists who might not be aware that Mortenview road was terminated at said defendants' property line which said hazard was calculated by said defendants to do great harm to any motorists who might be confronted by an emergency situation by reason of the termination of Mortenview road."

[2] Our former decision was affirmed by an evenly divided Supreme Court (1968), 380 Mich 151. The order of affirmance was subsequently vacated by the Supreme Court on April 1, 1968, and the case remanded for rehearing *en banc* by this Court, together with *Kuchta* v. *St. Clair Board of County Road Commissioners* (Court of Appeals Docket No. 2,646). See Notices to Subscribers, 380 Mich, Part 4.

[3] The statute applicable to this case is PA 1909, No 283, ch 4, § 21 (MCLA § 224.21 [Stat Ann 1958 Rev § 9.121]), which in relevant part, continuously since enactment (*Kowalczyk* v. *Bailey* [1967], 379 Mich 568, 571), has read as follows:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system."

specifically, if a road has been'. built and goes into·
disrepair, the road authority is obliged to repair it.
If it becomes obstructed, the obstruction must be
removed without regard to who places it there.  If
a sign has been erected and falls down, it must be
replaced.  But, says that opinion, that is where the
road authority's duty ends.

The prior opinion italicized the words "to keep in
reasonable repair" in the quotation of the relevant
portion of the applicable statute (see footnote 3 for
text of statute).  That "emphasis supplied" em-
phasizes the theoretical basis for the Court's opin-
ion, *i.e.*, there is a duty to keep in reasonable *repair*
—to maintain the *status quo*—but not a duty to
construct or keep the road so that it is "reasonably
safe and convenient for public travel".

Such view was, indeed, once the law in Michigan
but it has not been the rule since the enactment of
the legislation here under consideration and the con-
struction of that legislation by the Michigan Su-

---

The "provisions of law" referred to in the second sentence quoted
above was a then already enacted statute on which the substance of
the first sentence was modeled, as can be seen by a comparison of
the first sentence above quoted with the previously enacted legisla-
tion:

"It is hereby made the duty of townships, villages,· cities or cor-
porations to keep in reasonable repair, so that they shall be reason-,
ably safe and convenient for public travel, all public highways, streets,
bridges, sidewalks, cross-walks and culverts that are within their ju-.'
risdiction, and under their care and control, and which are open to·
public travel  *  *  *."  PA 1887, No 264, § 3 (CL 1897, § 3443).
This in turn copied verbatim the relevant language of PA 1885, No
214, § 4.

The language of PA 1964, No 170, § 2, applicable effective July 1,
1965, parallels the verbiage in force since 1885.  The new language
in the 1964 law stating that "the duty of the State and the county
road commissions to repair and maintain highways, and the liability
therefor, shall extend only to the improved portion of the highway·
designed· for vehicular travel and shall not include sidewalks, cross-·
walks or any other. installation outside of the improved portion of
the highway designed 'for vehicular travel," does not lessen the duty.
of the road authority to keep the "improved portion of the highway
designed for vehicular travel" in "reasonable repair, and in condition
reasonably safe and fit for travel."

preme Court in *Joslyn* v. *City of Detroit* (1889), 74
Mich 458,[4] and *Malloy* v. *Township of Walker* (1889),
77 Mich 448 (6 LRA 695). In *Joslyn,* the Court
held that the road authority is liable not only "for
injuries occurring through neglect to keep the streets
in repair, but also for such as occur by reason of the
neglect of the city to keep its streets in a condition,
reasonably safe and fit for travel". In *Joslyn* an
obstruction was permitted to continue in the midst
of the road without warning lights. In language
which should guide us in this case, the Court de-
clared (p 461):

"It [the statute] requires everything to be done
by the city necessary to make travel upon its streets
reasonably safe. If in so doing it becomes neces-
sary to place signals or other safeguards at given
points, or give other proper warning, it is the duty
of the city to see that it is done or that the street
is closed to travel; and that duty is imposed by the
express language of the statute, and the injury aris-
ing from the neglect of such duty to the citizen will
make the municipality responsible to the party in-
jured."

In *Malloy* the Court carefully reviewed the history
of prior decisions, including those to the effect that
negligence in the plan of construction, as distin-
guished from negligence in the execution of the
plan, was not actionable. It held that such earlier

---

[4] The accident in *Joslyn* occurred in April, 1886 after the effective
date (September 19, 1885) of the 1885 act, which act replaced PA
1879, No 244, § 4. The *Joslyn* Court construed the 1879 act which
read as did the 1885 and later acts except that the 1885 act changed
"good repair" in the 1879 act to "reasonable repair", and added the
word "reasonably" before "safe and convenient for public travel"
and struck the words "at all times" appearing after the last-quoted
words. The *Joslyn* Court referred to the 1887 act but apparently was
not aware of the 1885 act. It is clear from the Court's observations
in *Joslyn* that it regarded the language of the 1887 act (actually
first adopted in 1885) as supportive of the conclusion it reached in
that case.

case law had been superseded by the enactment of the statutory language then before the Court and now before us.

The specific allegation of negligence in *Malloy* shows that the duty of the road building authority goes beyond the preservation of the *status quo*, that it does indeed have the affirmative duty to design and construct the road and keep it "reasonably safe and convenient for public travel".

The specific claim of negligence in *Malloy* was that the road authority was negligent in not constructing railings or barriers alongside an embankment. The Michigan Supreme Court concluded that it was for a jury to decide whether railings or barriers were required in the circumstances of the case then at bar. Thus, the Court ruled that even if the surface of the road was perfectly engineered and constructed, the failure to design the road in a reasonably safe manner, including the erection of railings and barriers, could be an act of negligence:

"This statute cannot be given a construction that would relieve a township or other municipality, upon which a burden is cast to keep its highways in repair and reasonably safe for travel, from liability by saying that it had adopted a method of construction, and had built according to the plan. A municipality cannot construct a dangerous and unsafe road,—one not safe and convenient for public travel,—and shield itself behind its legislative power to adopt a plan and method of building and constructing in accordance therewith. The negligence consists, not in the plan of the work or the manner in which it was done, but in the failure to provide suitable protection against accident after the embankment had been made. The statute is imperative to make a road reasonably safe, and whether it is in that condition of safety and fit for travel must be a question for the jury, under proper circum-

stances." Malloy v. Township of Walker, supra, p 462.

For additional cases holding that the jury may find negligence for failure of the road authority to provide railings or barriers needed to keep the road reasonably safe and convenient for public travel, see *Sharp* v. *Township of Evergreen* (1887), 67 Mich 443; *Ross* v. *Township of Ionia* (1895), 104 Mich 320, 324; *Hannon* v. *City of Gladstone* (1904), 136 Mich 621; *Lamb* v. *Township of Clam Lake* (1913), 175 Mich 77; and *Carpenter* v. *Township of Bloomingdale* (1924), 227 Mich 355.

*Harris* v. *Township of Clinton* (1887), 64 Mich 447, 453, anticipated *Malloy* in holding that a jury question was presented as to whether the road authority was negligent in failing "to place any barrier or *warning*" to prevent persons from driving upon and along a highway embankment which was washed and overflowed with water. The Court declared:

"It should be remembered that the risk of driving off the embankment when obscured by the overflow of water was no greater than the risk of driving off on a dark night."

And the risk of driving off the dead-end road in this case of Mullins at 3:10 a.m., the hour of the alleged accident, was no greater than if it had been overflown with water. A short time before *Harris* v. *Township of Clinton, supra,* was decided the Court observed:

"I have no doubt that the defects in highways covered by the act of 1879[5] extend to defects in construction, as well as defects through omission to repair, and to neglect to keep the public highways

---

[5] See footnote 3.

in a condition reasonably safe and fit for travel by day *or by night;* and unless it is so kept, it constitutes a defect in the highway, for which, if injury results, an action will lie." *Carver* v. *Detroit & Saline Plank Road Co.* (1886), 61 Mich 584, 590. (Emphasis supplied.)

That the early and continuing constructions of the statute by the Supreme Court are entitled to be regarded as legislatively approved in the light of the subsequent re-enactments which have not sought to change the applicable language, see *McEvoy* v. *City of Sault Ste. Marie* (1904), 136 Mich 172, 182.

*Joslyn* and *McEvoy* were recently relied on in *Kowalczyk* v. *Bailey* (1967), 379 Mich 568, 571. The Court quoted from *McEvoy* as follows:

"This act was open to two constructions,—one, that it imposed upon municipalities an obligation to use diligence to keep their highways and streets in a condition reasonably safe and fit for public travel; and the other, that it imposed upon municipalities only the obligation to use due diligence to keep their highways and streets in good repair. Under the first construction, there would be an obligation on the part of a municipality to remove obstructions within a reasonable time after it had knowledge or notice of their existence. Under the second construction, there would be no such obligation. In the case of *Joslyn* v. *City of Detroit* (1889), 74 Mich 458, this Court deliberately adopted the first construction."

The *Kowalczyk* Court referred to the dissenting opinions in *Joslyn* and *McEvoy* and observed that "the views of the two dissenters never have prevailed in this Court."

The principle that emerges is that as part of its duty to construct and keep the road reasonably safe and convenient for public travel the road authority

is required to provide such devices at points of especial danger as may be necessary 'to warn the driver where the margins of the roadway end or to prevent his vehicle from leaving the road.

Here the plaintiff alleged the county's negligence in failing to erect a visible barricade and signs warning that the road was about to terminate. Until the evidence of the plaintiff is heard, no court can decide whether sufficient evidence of causal negligence was introduced to make a question for the jury on the pleaded issue whether the absence of such barriers and signs is negligence.

The prior opinion ignores completely the statutory requirement that the road be kept reasonably safe and convenient for public travel. According to that opinion it doesn't make any difference whether the road leads over a cliff or into the Detroit river, whether there are railings or barriers, or whether manifestly dangerous conditions are warned against.

The argument made by the defendant that acceptance of plaintiff's position would mean "every deviation in the direction or the surface of a road must be subjected to a test by a trier of fact for negligence" assumes, contrary to the law, that every claim, however absurd, must be submitted to the jury. Of course, every deviation in direction or surface will not entitle the suitor to go to the jury. In several cases where it was claimed that railings or barriers were required, the Supreme Court ruled that the plaintiff's evidentiary showing was inadequate and that a jury would not be permitted to infer negligence from their absence. *Canfield* v. *Township of Gun Plains* (1913), 175 Mich 379, 384; *Vose* v. *Township of Richland* (1928), 242 Mich 46.

Ours is not a "deviation-in-the-direction-or-surface" case. This is a terminating road case. In all events, whether the evidence of causal negligence

in a particular case entitles one to go to the jury
is still a question of law for the court. Trial judges
and the appellate courts will have no greater dif-
ficulty distinguishing an insubstantial case against
a road authority than in a myriad of other cases
where courts are required to decide whether the
evidence justified jury determination.

In *Goodrich* v. *County of Kalamazoo* (1943), 304
Mich 442, the Court distinguished earlier cases on
the ground that "in practically all of them the ac-
cident resulted from a claimed defect in the traveled
portion of the highway, or incident to some proper
use of the shoulder." That language was entirely
appropriate in *Goodrich* where the tree against
which the collision occurred "was a perfectly visible
object and a warning to the public that at that point
the shoulder was available for pertinent uses only
to the width of 2-1/2 feet".

The *Goodrich* Court, as in *Canfield* v. *Township
of Gun Plains, supra,* and *Vose* v. *Township of Rich-
land, supra,* simply declined to let the question of
the defendant's negligence go to the jury on the
facts of the case there presented. In contrast, it
is manifest that a reasonable trier of fact would
be justified in concluding that a road, such as the
road in this case, which abruptly ends without warn-
ing, has not been constructed or kept in a reasonably
safe manner. Compare *Sebert* v. *City of Alpena*
(1889), 78 Mich 165, where it was claimed a stump
standing "so near the traveled part" of the street
was dangerous in the night time. The Court held
that:

"The statute applies to defects in construction as
well as to neglect to repair when the road is unsafe;
\* \* \* *dangers surrounding the traveler in the
darkness of night are conditions that should be
taken into consideration by the authorities whose*

*duty it is to construct and keep in repair the road-
way."* (Emphasis supplied.)

and that it was a question for the jury whether the
city had been negligent.

That the statute applies to "flagrant defects in the
method of construction, as well as to neglect in
repair", see *Schrader* v. *City of Port Huron* (1895),
106 Mich 173, 175. The trier of fact should be per-
mitted to decide whether the failure to erect a sign
or barrier warning that the road was coming to an
end was a flagrant defect in construction.

The prior opinion hypothesizes the every-devia-
tion-in-direction-or-surface-of-the-road case. At the
other end of the spectrum there is the highway
terminating at the edge of a cliff or at the river's
edge without due warning. In such a case could
we be heard to say that there was no duty because
the empty air or water in which the unfortunate
traveler descended to his demise was not part of
the traveled portion of the highway?

## II.

When Michigan adopted the uniform traffic signal
control statute (MCLA § 257.610 [Stat Ann 1960 Rev
§ 9.2310]); which authorizes the erection of traffic-
control devices in the discretion of the sign-erecting
authority, it did not thereby relieve the road author-
ity of the duty imposed over 75 years ago to con-
struct and keep the road reasonably safe and con-
venient for public travel. See *State* v. *Watson*
(1968), 7 Ariz App 81 (436 P2d 175).

The argument in *O'Hare* v. *City of Detroit* (1960),
362 Mich 19, 23, that the case there before the Court
was a particularly strong one because the missing
stop sign had once been erected does not constitute
a holding that signs need never be erected in the

first instance as part of the duty to keep the road reasonably safe.

It is a well-established principle that repeals by implication are not favored. The prior opinion acknowledges that the uniform traffic signal control statute and the 1909 statute which imposes upon road authorities the duty to keep roads under their jurisdiction in repair and reasonably safe and convenient for public travel are not *in pari materia.*

The road authority should no more be permitted to use the uniform traffic signal control statute as a shield to its statutory liability for construction of an unsafe road than the road authority in *Malloy* which unsuccessfully sought to "shield itself behind its legislative power to adopt a plan and method of building and constructing in accordance therewith." *Malloy* v. *Township of Walker, supra,* p 462.

For all the foregoing reasons the judgment of the trial court is reversed and the cause is remanded for trial. Costs to appellant.

R. B. BURNS, FITZGERALD, J. H. GILLIS, and LEVIN, JJ., concurred with T. G. KAVANAGH, J.

LESINSKI, C. J. and QUINN, J. *(dissenting).* Plaintiff filed a complaint against the county of Wayne, board of Wayne county road commissioners, Clarence Sell and Lois M. Sell. The complaint, which sought to establish liability under the wrongful death act, CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922), alleged that plaintiff's decedent, at 3:10 a.m. on April 27, 1964, was traveling in a southerly direction on Mortenview road in Taylor township; that said Mortenview road was a terminating highway, and that defendants county and board of Wayne county road commissioners failed to post any suitable warning signs or devices warn-

ing that said road was a terminating highway. The complaint further stated that as a result of defendants' failure to warn of this danger existing on the road, plaintiff's decedent, who was driving on said Mortenview road, failed to stop or turn at the terminus of said road and collided with a barrier placed by defendants Clarence and Lois M. Sell on their property at the end of Mortenview road, and that this collision resulted in his death.

Defendants, county of Wayne and board of Wayne county road commissioners, filed a motion for summary judgment, asserting they had no duty to post warning signs or devices at the terminus of Mortenview road. The motion was heard, granted, and an order granting summary judgment of no cause of action as to defendants county of Wayne and board of Wayne county road commissioners was entered. Plaintiff appeals.

The issue before the Court is whether the authority having jurisdiction over the highway in question can be charged with negligence by virtue of failing to warn the public of the terminus of the highway. The liability sought to be enforced against defendants is purely statutory; the statute is in derogation of the common law and cannot be enlarged by construction. *Goodrich* v. *County of Kalamazoo* (1943), 304 Mich 442.

Plaintiff offers as evidence of the duty of the county to warn of the road's terminus the provisions of CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121) which provide in part:

"It is hereby made the duty of the counties *to keep in reasonable repair,* so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions

of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system." (Emphasis supplied.)

As interpreted by *Goodrich, supra,* this statute creates no duty on the part of the defendants to do anything about signs and warning devices. Negligence requires a breach of duty.

In conjunction with CLS 1961, § 224.21, *supra,* plaintiff cites CLS 1961, § 257.610 (Stat Ann 1960 Rev § 9.2310) as statutory authority establishing the duty plaintiff contends defendants have with respect to signs and warning devices. The latter statute reads in part:

"Local authorities and county road commissions in their respective jurisdictions shall place and maintain such traffic-control devices upon highways under their jurisdiction as *they may deem necessary* to indicate and to carry out the provisions of this chapter or local traffic ordinances or to regulate, warn, or guide traffic. All such traffic-control devices hereafter erected shall conform to the State manual and specifications." (Emphasis supplied.)

This statute is part of the vehicle code whose title-expressed purpose in this regard is "to provide for the regulation and use of streets and highways." The section quoted is found in a portion of the code dealing with a uniform system of traffic-control devices, and it says no more than local authorities are given discretion to place and maintain traffic-control devices on highways under their jurisdiction to indicate and to carry out the provisions of the code or local traffic ordinances or to regulate, warn, or guide traffic. If they do so, the devices shall conform to the State manual and spec-

ifications provided in CLS 1961, § 257.608 (Stat Ann 1960 Rev § 9.2308).

CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121) and CLS 1961, § 257.610 (Stat Ann 1960 Rev § 9.2310) cannot be read *in pari materia* to create the duty plaintiff asserts defendants bear in this action because the statutes do not relate to the same thing nor do they have a common purpose. *City of Detroit* v. *Michigan Bell Telephone Company* (1965), 374 Mich 543.

None of the cases relied on by plaintiff support the theory of liability asserted in this action. *O'Hare* v. *City of Detroit* (1960), 362 Mich 19, involved the failure of the highway authority to replace a previously erected stop sign; *Joslyn* v. *City of Detroit* (1889), 74 Mich 458, involved an obstruction placed upon and improperly allowed to remain on the highway; *Longstreet* v. *County of Mecosta* (1924), 228 Mich 542, involved a washed-out bridge; *Jewell* v. *Rogers Township* (1919), 208 Mich 318, involved a deep trench cut across an established highway by a quarry company. In each of these cases the road authority had maintained the road in a certain condition, and the duty found was to continue the road in that condition or properly to warn the public of any changes that created a dangerous condition. This is not the case before us.

The acceptance of plaintiff's theory of liability in this case would mean that failure to warn of every deviation in the direction or surface of a road creates a question of fact with respect to the highway authority's negligence in accident litigation. This we decline to do in the face of the applicable statutory provisions.

It may well be that current traffic conditions and driving habits dictate that defendants should have the duty that plaintiff here asserts, but that is for

the legislature to say. It is not for this Court to
establish such a duty by enlarging the statute by
construction. Summary judgment was proper under
the existing law.

We vote to affirm, but without costs, a public
question being involved.

McGREGOR, J., concurred with LESINSKI, C. J. and
QUINN, J.

HOLBROOK, J. (*dissenting*). After careful review
of the law applicable to the instant case and the
opinions of my brother judges, I find it necessary
to deal with the matter further in this separate
opinion.

The facts are repeated as stated in *Mullins* v.
*Wayne County* (1966), 4 Mich App 359, 360, 361:

"Plaintiff filed a complaint against the county of
Wayne, board of Wayne county road commissioners,
Clarence Sell and Lois M. Sell. The complaint,
which sought to establish liability under the wrong-
ful death act, CLS 1961, § 600.2922 (Stat Ann 1962
Rev § 27A.2922), alleged that plaintiff's decedent,
at 3:10 a.m. on April 27, 1964, was traveling in a
southerly direction on Mortenview road in Taylor
township; that said Mortenview road was a term-
inating highway, and that defendant county and
board of Wayne county road commissioners failed
to post any suitable warning signs or devices warn-
ing that said road was a terminating highway. The
complaint further stated that as a result of defend-
ant's failure to warn of this danger existing on the
road, plaintiff's decedent, who was driving on said
Mortenview road, failed to stop or turn at the term-
inus of said road and collided with a barrier placed
by defendants Clarence and Lois M. Sell on their
property at the end of Mortenview road, and that
this collision resulted in his death,

"Defendants, county of Wayne and board of Wayne county road commissioners, filed a motion for summary judgment, asserting they had no duty to post warning signs or devices at the terminus of Mortenview road. The motion was heard, granted, and an order granting summary judgment of no cause of action as to defendants county of Wayne and board of Wayne county road commissioners was entered. Plaintiff appeals."

The legislature in its wisdom, as early as 1893,[1] granted limited abrogation of governmental immunity as to suits against a county for improper maintenance of county roads. The act has been amended many times. In its present form, CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121) provides for the liability, procedure and remedy as to county roads under the jurisdiction of a county road commission. It reads in pertinent part as follows:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and covenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system."

This legislative act granting limited abrogation of governmental immunity has not been changed by the rulings of our Supreme Court in *Myers* v. *Genesee County Auditor* (1965), 375 Mich 1 and *Williams* v. *City of Detroit* (1961), 364 Mich 231. The liability of defendant Wayne county is therefore

---

[1] PA 1893, No 149.

restricted to a cause of action based upon the failure
of the county road commission to comply with the
statute.   This decision is consonant with the present
law as to governmental immunity in this State.[2]

Plaintiff's complaint, in order to properly state
a cause of action for negligence against the defend-
ant county must be grounded on CLS 1961, § 224.21
(Stat Ann 1958 Rev § 9.121).  The complaint should
contain allegations that (1) the highway was not
maintained in a condition reasonably safe and fit

---

[2] Present law is identical to that determined herein by reason of
PA 1964, No 170, effective July 1, 1965, which was enacted for the
purpose of making "uniform the liability of municipal corporations,
political subdivisions, and the State, its agencies and departments,
when engaged in a governmental function, for injuries to property
and persons caused by negligence; to define and limit such liability;
to define and limit the liability of the State when engaged in a
proprietary function."   It provides in relevant part as follows:

"Except as in this act otherwise provided, all governmental agencies
shall be immune from tort liability in all cases wherein said gov-
ernmental agency is engaged in the exercise and discharge of a gov-
ernmental function.   Except as otherwise provided herein, this act
shall not be construed as modifying or restricting the immunity of
the State from tort liability as it existed heretofore, which immunity
is hereby affirmed."   PA 1964, No 170, § 7; MCLA § 691.1407 (Stat
Ann 1968 Cum Supp § 3.996[107]).

"Each governmental agency having jurisdiction over any highway
shall maintain the highway in reasonable repair so that it is rea-
sonably safe and convenient for public travel.   Any person sustain-
ing bodily injury or damage to his property by reason of failure of
any governmental agency to keep any highway under its jurisdiction
in reasonable repair, and in condition reasonably safe and fit for
travel, may recover the damages suffered by him from such govern-
mental agency.   The liability, procedure and remedy as to county
roads under the jurisdiction of a county road commission shall be
as provided in section 21, chapter 4 of Act No 283 of the Public Acts
of 1909, as amended, being CL 1948, § 224.21 (Stat Ann 1958 Rev
§ 9.121).   The duty of the State and the county road commissions
to repair and maintain highways, and the liability therefor, shall
extend only to the improved portion of the highway designed for
vehicular travel and shall not include sidewalks, crosswalks or any
other installation outside of the improved portion of the highway
designed for vehicular travel.   No action shall be brought against the
State under this section except for injury or loss suffered on or after
July 1, 1965.   Any judgment against the State based on a claim
arising under this section from acts or omissions of the State high-
way department shall be payable only from restricted funds ap-
propriated to the State highway department or funds provided by
its insurer."   PA 1964, No 170, § 2; MCLA § 691.1402 (Stat Ann
1968 Cum Supp § 3.996[102]).

for travel, (2) the county has knowledge or notice or should have had knowledge or notice of the dangerous condition which it refused, failed, or neglected to correct, (3) the injury or injuries to plaintiff were caused in fact or proximately caused by the county's alleged breach of duty, and (4) the plaintiff sustained damages.

The trial court's granting of summary judgment in favor of defendant was proper in that plaintiff's complaint was deficient because it failed to allege the second and third elements outlined above.

Plaintiff, by her complaint, bases her cause of action on a claimed violation by defendant of CLS 1961, § 257.610 subd (a) (Stat Ann 1960 Rev § 9.2310 subd [a]) which reads as follows:

"Local authorities and county road commissions in their respective jurisdictions shall place and maintain such traffic-control devices upon highways under their jurisdiction *as they may deem necessary to indicate and to carry out the provisions of this chapter or local traffic ordinances or to regulate, warn, or guide traffic.* All such traffic-control devices hereafter erected shall conform to the state manual and specifications." (Emphasis supplied.)

The foregoing statute providing for signs and traffic-control devices is not a part of CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121) providing for liability nor is it incorporated therein by reference or otherwise. Absent liability based upon reference, and with failure of the legislature to create liability on the part of the county for its failure to place signs or traffic-control devices on its highways in the act itself, no liability can be imposed. CLS 1961, § 257.610 subd (a) (Stat Ann 1960 Rev § 9.2310 subd[a]) does not mandatorily require a county road commission to place traffic-control signs or de-

vices on highways under its jurisdiction. Although it may be advisable for a county road commission to "place and maintain such traffic-control devices upon highways under their jurisdiction as they may deem necessary to indicate and *to carry out the provisions of this chapter or local traffic ordinances or to regulate, warn, or guide traffic*" in its efforts to reduce the number of traffic accidents occurring on its highways and to effectively defend lawsuits claiming failure on its part to meet the duties imposed upon it by virtue of CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121) such action is not required. (Emphasis supplied.)

Arguendo, the defendant county herein may have avoided possible liability for the claimed faulty construction and maintenance of Mortenview road, a terminating highway, by simply determining the need for and erecting a traffic-control sign or device, *e.g.,* a stop sign, at the intersection so that all vehicles using Mortenview road would have been required to stop before turning onto the intersecting highway. Had such a stop sign been placed and maintained at the terminating point of Mortenview road, the possibility of a lawsuit against the defendant county herein would have been negligible.

The failure of the county road commission to place and maintain a proper traffic-control sign or device may deprive defendant of a possible defense *but such failure does not grant plaintiff a cause of action under the law.*

The summary judgment of dismissal in favor of defendant should be affirmed. No costs, a public question being involved.