DEVOE v CHEBOYGAN COUNTY ROAD COMMISSION

OPINION OF THE COURT

1. COUNTIES—HIGHWAYS—COUNTY ROADS—AFFIRMATIVE DUTY—REA-
SONABLE REPAIR—STATUTES.

An affirmative duty is imposed, by statute, on the counties to
keep their roads in reasonable repair and one should not have
to wait until he suffers personal injuries due to unsafe roads
before he can enforce that statutory duty (MCLA 224.21; MSA
9.121).

2. COUNTIES—HIGHWAYS—COUNTY ROADS—AFFIRMATIVE DUTY—REA-
SONABLE REPAIR—CONDITION OF OTHER ROADS.

It is the affirmative duty of a county to keep all county roads in
reasonable repair and reasonably safe for travel, and a county
is not excused from meeting this duty as to a particular road
on the basis that other roads are not reasonably maintained.

3. COUNTIES—HIGHWAYS—COUNTY ROADS—DE NOVO REVIEW—REA-
SONABLE MAINTENANCE—COUNTY ROAD COMMISSION—WRIT OF
MANDAMUS.

Reasonable maintenance and safety require regular snow plow-
ing, grading and proper signing of a county road and where the
Court of Appeals is convinced by a *de novo* review of the record
that the road in question has not received such maintenance,
that road is not reasonably maintained nor safe for traffic and
the county road commission has breached its affirmative duty
to keep that road in reasonable repair and a writ of mandamus
will issue requiring the county road commission to properly
maintain the road.

4. COUNTIES—HIGHWAYS—COUNTY ROADS—COUNTY ROAD COMMISSION
—IMPROPER USE.

It is improper for a public roadway to be used as a public beach
and parking lot, but the regulation of such activity is not the
duty of a county road commission.

REFERENCE FOR POINTS IN HEADNOTES

[1–6] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 71, 104, 345,
346.

5. COUNTIES—HIGHWAYS—COUNTY ROADS—COUNTY ROAD COMMISSION
—MAINTENANCE.

*A county road commission is not required by statute to plow, grade or sign a county road to the same degree as they would an interstate highway.*

6. MANDAMUS—SPECIFICITY OF ORDER—COUNTY ROADS—MAINTE-
NANCE.

*A writ of mandamus should be specific enough so that the defendants do not have to guess whether or not their actions are in compliance with the order; where an order merely commands the defendants forthwith to repair and maintain a county road in question and does not direct them to do anything specific, it is too vague.*

Appeal from Cheboygan, Joseph Swallow, J. Submitted December 10, 1975, at Lansing. (Docket No. 23374.) Decided March 24, 1976. Leave to appeal applied for.

Complaint for mandamus by Edward DeVoe and Anna DeVoe against Cheboygan County Road Commission and J. R. Georges, C. Victor Lyon and Gordon Tallman, commission members, to compel the defendants to either properly maintain or abandon a certain county road in Cheboygan County. Writ denied. Plaintiff appeals. Reversed.

*Stripp, Roberts, Manchester & Allen,* for plaintiffs.

*Francis E. Lindsay,* for defendant Cheboygan County Road Commission.

Before: McGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

T. M. BURNS, J. Plaintiffs sought a writ of mandamus compelling defendants to either properly

maintain a road or to abandon it. The trial court denied the writ. Plaintiffs appeal as of right.

Lake Boulevard is a county road in Indian River, Michigan, which runs parallel and adjacent to Burt Lake on one side and plaintiffs' property on the other. The portion of the road pertinent to this suit is 10 feet wide and is part asphalt and part gravel. The record indicates that the road's primary use is for local traffic. Part of the roadway running between the lake and plaintiffs' property is used as a beach by the public and the resultant noise, litter and uncoordinated parking of vehicles has interferred with plaintiffs' use and enjoyment of their property.

Plaintiffs testified, and the record indicates, that the extent of defendants' maintenance of the road has been minimal at best and that there is a total lack of signs to control traffic on the road.

The trial court found that despite the lack of maintenance of Lake Boulevard, there was no showing that such maintenance was unreasonable relative to the maintenance of other roads in the county. The court denied the writ of mandamus because there was no showing of unreasonable, arbitrary or capricious actions by the defendants.

*Do defendants have an affirmative duty to maintain Lake Boulevard in a reasonable condition?*

MCLA 224.21; MSA 9.121 provides in part:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel."

This statute imposes an affirmative duty on the county to keep its roads in reasonable repair.

*Mullins v Wayne County,* 16 Mich App 365; 168 NW2d 246 (1969). One should not have to wait until he suffers personal injuries due to unsafe roads before he can enforce that statutory duty.

*Was the trial court correct in declaring that plaintiffs failed to prove that Lake Boulevard was not kept in reasonable repair by defendants?*

The trial court found that the road was not in "excellent" condition, and the court seemed to place great reliance on the fact that other roads in the county were maintained in a similar fashion. It was not error to judicially notice the relative condition of other roads, but the condition of other roads is not relevant. Defendants have an affirmative duty to keep all county roads in reasonable repair and reasonably safe for travel. That other roads are not reasonably maintained does not excuse defendants from meeting their duty as to Lake Boulevard. There was no evidence presented that the other roads were *reasonably* maintained.

Our *de novo* review of the record convinces us that Lake Boulevard is not reasonably maintained nor reasonably safe for traffic. Reasonable maintenance and safety require regular snow plowing, grading and proper signing. Lake Boulevard has not received such maintenance.

The use of the public roadway as a public beach and parking lot is improper. But the regulation of such activity is not the duty of defendants.

We hold that defendants have an affirmative duty under MCLA 224.21; MSA 9.121 to keep Lake Boulevard in reasonable repair so that it will be reasonably safe and convenient for public travel and find that defendants have breached this duty.

The other issues raised on this appeal are without merit. The judgment of the trial court is reversed, a writ of mandamus is awarded, and it is

ordered and adjudged that defendants forthwith repair and maintain Lake Boulevard so as to be safe and convenient for public travel.

No costs, a public question being involved.

N. J. KAUFMAN, J., concurred.

McGREGOR, P. J. *(dissenting).* The record in the present case does not convince me that Lake Boulevard is not reasonably convenient nor reasonably safe for traffic. Instead, based on the location and use of the road, I find that its maintenance was reasonable under all the circumstances. Consequently, I would hold that the defendants did not breach their statutory duty and, accordingly, I would affirm the trial court.

The statute does not require the defendants to plow, grade or sign such a road to the same degree as they would an interstate highway.

In addition, I believe that the majority's order is much too vague even if it is assumed that the defendants have breached their duty. The order does not direct the defendants to do anything specific but merely commands them forthwith to repair and maintain Lake Boulevard. If the majority believes that Lake Boulevard does not have proper signing, then they should order the defendants to install stop signs, warning lights, or whatever else they deem necessary in order to make the road reasonably safe and convenient. The defendants certainly should not have to guess whether or not their actions are in compliance with the order. Similarly, if the majority believes that Lake Boulevard is unsafe because it has received insufficient grading or snowplowing, then they should establish some workable guidelines for the defendants to follow in order to correct this

situation. Otherwise, no one will be able to tell whether the order has been complied with or violated.

I hold that a writ of mandamus should be at least specific enough to fulfill this function.

For the foregoing reasons, I would affirm the trial court's decision.