MULLINS *v.* WAYNE COUNTY.

1. HIGHWAYS AND STREETS—COUNTY—COUNTY ROAD COMMISSIONS.
   Counties and county road commissions have a duty to keep high-
   ways under their jurisdiction in reasonable repair, so that such
   highways will be reasonably safe and convenient for public
   travel (CLS 1961, § 224.21).

2. SAME—COUNTY ROAD COMMISSION—STATUTES.
   The statute governing regulation of highways under the jurisdic-
   tion of county road commissions gives such commissions the
   discretion to post or not to post traffic control devices to
   regulate, warn, or guide traffic (CLS 1961, § 257.610).

3. SAME—COUNTY ROAD COMMISSION—DISCRETION.
   The duty of local authorities and county road commissions,
   under the statute governing regulation of highways, is to place
   such traffic control devices upon highways under their control
   as they deem necessary (CLS 1961, § 257.610).

4. SAME—COUNTY ROAD COMMISSION—DUTY.
   The statutes governing regulation of highways under the juris-
   diction of local authorities and the county road commissions,
   impose a responsibility upon the authorities, once they have ex-
   ercised their discretion to erect a traffic control device, to
   maintain reasonably such device until they deem a need for it
   no longer exists (CLS 1961, §§ 224.21, 257.610).

5. SAME—COUNTY ROAD COMMISSION—NEGLIGENCE—WARNING AS TO
   END OF ROAD.
   County road commission *held,* not chargeable with negligence in
   failing to erect a traffic control device warning travelers on a
   county highway of the end of the highway (CLS 1961, §§ 224-
   .21, 257.610).

6. COSTS—PUBLIC QUESTION—WARNING AT END OF ROAD—COUNTY
   LIABILITY.
   No costs are allowed on appeal from summary judgment dis-
   missing complaint as to county in case where county was sued

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 25 Am Jur, Highways §§ 55, 56, 255, 411.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

in negligence because of failure of county road commission to erect device to warn travelers of end of county highway, by administratrix of one killed when he drove his automobile off the end of a county highway into private lands, a public question being involved (CLS 1961, §§ 224.21, 257.610).

Appeal from Wayne; Burdick (Benjamin D.), J. Submitted Division 1 May 11, 1966, at Detroit. (Docket No. 1,411.) Decided September 27, 1966. Leave to appeal granted by Supreme Court December 9, 1966. See 378 Mich 743, 380 Mich 151.

Complaint by Hassie Mullins, special administratrix of the estate of Clifford Ray Dutton, deceased, against Wayne County, the Board of Wayne County Road Commissioners, and Clarence Sell and Lois M. Sell, for the wrongful death of her decedent when an automobile which he was driving went off the end of a county road onto lands owned by defendants Sell. Summary judgment in favor of defendant county and road commissioners. Plaintiff appeals. Affirmed.

*David S. De Witt,* for plaintiff.

*Cary, BeGole, Martin, Bohall & Joselyn* (*Lawrence A. Bohall,* of counsel), for defendant county and road commissioners.

LESINSKI, C. J. Plaintiff filed a complaint against the county of Wayne, board of Wayne county road commissioners, Clarence Sell and Lois M. Sell. The complaint, which sought to establish liability under the wrongful death act, CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922), alleged that plaintiff's decedent, at 3:10 a.m. on April 27, 1964, was traveling in a southerly direction on Mortenview road in Taylor township; that said Mortenview road was a

terminating highway, and that defendant county and board of Wayne county road commissioners failed to post any suitable warning signs or devices warning that said road was a terminating highway. The complaint further stated that as a result of defendants' failure to warn of this danger existing on the road, plaintiff's decedent, who was driving on said Mortenview road, failed to stop or turn at the terminus of said road and collided with a barrier placed by defendants Clarence and Lois M. Sell on their property at the end of Mortenview road, and that this collision resulted in his death.

Defendants, county of Wayne and board of Wayne county road commissioners, filed a motion for summary judgment, asserting they had no duty to post warning signs or devices at the terminus of Mortenview road. The motion was heard, granted, and an order granting summary judgment of no cause of action as to defendants county of Wayne and board of Wayne county road commissioners was entered. Plaintiff appeals.

The issue before the Court is whether the authority having jurisdiction over the highway in question can be charged with negligence by virtue of failing to warn the public of the terminus of the highway.

Plaintiff offers as evidence of the duty of the county to warn of the road's terminus the provisions of CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121) which provide in part as follows:

"It is hereby made the duty of the counties *to keep in reasonable repair,* so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries

resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system." (Emphasis supplied.)

and CLS 1961, § 257.610 (Stat Ann 1960 Rev § 9.2310), as to the duty of the county board of road commissioners, which provides in part as follows:

"(a) Local authorities and county road commissions in their respective jurisdictions shall place and maintain such traffic-control devices upon highways under their jurisdiction as *they may deem necessary* to indicate and to carry out the provisions of this chapter or local traffic ordinances or to regulate, warn, or guide traffic. All such traffic-control devices hereafter erected shall conform to the State manual and specifications." (Emphasis supplied.)

It is well settled that the county and county road commissions have a duty to keep highways under their jurisdiction in reasonable repair, so that they will be reasonably safe and convenient for public travel. The issue raised by plaintiff does not involve this affirmative duty to repair, but rather plaintiff seeks to establish the position that the county's failure to indicate that a given road terminates creates a cause of action against the county.

The statute governing the regulation of highways under the jurisdiction of county road commissions is CLS 1961, § 257.610, *supra,* quoted in part. The language of this provision is not mandatory. Instead, it gives the county road commissions the discretion to post or not to post traffic control devices to regulate, warn or guide traffic.

Both plaintiff and defendants cite *O'Hare* v. *City of Detroit* (1960), 362 Mich 19, in support of their positions. It is defendants' view, and that of this Court, that *O'Hare* does not apply herein as it can be distinguished on its facts. In *O'Hare* a stop sign

which had been previously erected was knocked down in a prior accident and was not replaced before the injury caused in that case.[1] The fact situation presented in *Joslyn* v. *City of Detroit* (1889), 74 Mich 458, cited by plaintiff, is also materially dissimilar to the instant case as it involved an obstruction placed upon and improperly allowed to remain on the highway. *Longstreet* v. *County of Mecosta* (1924), 228 Mich 542, another case relied on by plaintiff, dealt with a bridge that had washed out for which no warning had been posted. In *Jewell* v. *Rogers Township* (1919), 208 Mich 318, plaintiff points to a case involving the terminus of a road. However, this case involved what once was a through road which had been cut by a quarry rendering it impassable and dangerous for public travel because it was left unbarricaded or not properly posted. In the *Jewell Case,* the defect in the highway caused by its cutting, created a duty of care on the part of the township. It is similar to that in the *O'Hare Case, supra.* Once the road authority maintained the road in a certain condition, it had a duty to continue that condition, or properly to warn the public of any change that created a dangerous condition. Again, this is not authority for the plaintiff's theory of liability.

To accept the position of the plaintiff in this case would result in a determination that every deviation in the direction or the surface of a road must be subjected to a test by a trier of fact for negligence in the event of an accident and suit. This we are not prepared to do in the face of the applicable statutory provisions.

The duty of local authorities and county road commissions is to place such traffic control devices upon

---

[1] All of the Michigan authority cited in *O'Hare, supra,* deals with imposition of liability, once the authority has acted, but in none of the cases cited was liability imposed for the authority's failure to act in the first instance.

highways under their control as *they* deem necessary. Once having exercised that discretion as to the erection of the traffic control device, the statute imposes a responsibility to reasonably maintain such device until the authority deems no need for same exists. See *O'Hare* v. *City of Detroit, supra.*[2] In the case before us, this responsibility is not in question. No sign or warning was ever erected and no act or condition intervened so as to change the character of the road and thus to require the authority to post warning signs as in *Jewell, supra*.

Affirmed. No costs, a public question.

T. G. KAVANAGH and RASHID, JJ., concurred.

---

[2] For out-of-State authority supporting this proposition, see *Resnik* v. *Michaels* (1964), 52 Ill App 2d 107 (201 NE2d 769); *Urow* v. *District of Columbia* (1963) 114 App DC 350 (316 F2d 351), certiorari denied 375 US 826 (84 S Ct 69, 11 L ed 2d 59); and *Dudum* v. *City of San Mateo* (1959), 167 Cal App 2d 593 (334 P2d 968).