## MULLINS *v.* WAYNE COUNTY.

### DECISION OF THE COURT.

1. HIGHWAYS—WARNING SIGNS—EQUALLY DIVIDED COURT.

Summary judgment for defendant county and its board of road commissioners in wrongful death action by administratrix of estate of decedent who drove his automobile off the end of a county road onto private lands, granted on ground that county and road commission are not liable in negligence as a matter of law for failure to post suitable warning signs and erect a suitable barricade at the end of the road, is affirmed by an equally divided court (CLS 1961, § 224.21, 257.610).

### SEPARATE OPINION FOR REVERSAL.

BLACK, T. M. KAVANAGH, ADAMS, and SOURIS, JJ.

2. OFFICERS—DISCRETION—JUDICIAL REVIEW.

*Exercise or nonexercise of a discretionary power granted to a public official or body is not necessarily immune from judicial review.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 853, 902.
[2] 43 Am Jur, Public Officers §§ 255, 258.
[3, 4] 43 Am Jur, Public Officers § 258.
[5] 25 Am Jur, Highways § 416.
[6, 7] 25 Am Jur, Highways §§ 410, 411, 413, 414.
[8] 25 Am Jur, Highways §§ 410, 411, 413, 414, 588; 41 Am Jur, Pleading §§ 340–343.
[9] 25 Am Jur, Highways §§ 410, 411, 413, 414, 416, 588.

3. Words and Phrases—Discretion.

*The term discretion involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.*

4. Officers—Discretion—Exercise.

*Discretion is not exercised by an officer by adamant refusal, or by failing through negligent oversight, to make a choice, to exercise will, to determine between competing considerations.*

5. Same—Discretion—Pleading.

*Failure of county board of road commissioners to erect traffic control devices on a certain road, pleaded in the plaintiff's complaint, held, not, as a matter of law, the result of an exercise of the board's discretionary power (CLS 1961, § 257.610).*

6. Highways—Traffic Control Devices—Liability of County.

*Failure of county to consider erecting traffic control devices to warn the traveling public of the terminus of a road, if, in fact, the road was not reasonably safe and fit for travel absent such devices, held, to render the county liable to a traveler injured as a proximate result of the county's failure to act (CLS 1961, § 224.21).*

7. Same—Absence of Barricade.

*Absence of a barricade might be found to render a road unsafe and unfit for travel (CLS 1961, § 257.610).*

8. Same — Barricade — Proximate Cause — Discretion — Questions for Jury.

*Whether the absence of a barricade, pleaded by plaintiff in action against county board of road commissioners for wrongful death of decedent who drove his car off the end of a road unmarked by a barricade, was a breach of the duty imposed upon the county by statute to keep county roads in reasonable repair, so that they shall be reasonably safe and convenient for public travel, and whether it was a proximate cause of the death of decedent, held, to be questions to be decided by the jury, and not to be decided as a matter of law on motion for summary judgment (CLS 1961, §§ 224.21, 257.610; GCR 1963, 117.2[1]).*

SEPARATE OPINION FOR AFFIRMANCE.
DETHMERS, C. J., and KELLY, O'HARA, and BRENNAN, JJ.

9. HIGHWAYS—COUNTY ROAD COMMISSION—NEGLIGENCE—WARNING AS TO END OF ROAD.

*County road commission held, not chargeable with negligence as a matter of law in failing to maintain highway reasonably safe and convenient for public travel by not erecting a traffic control device to warn travelers on a county highway of the end of the highway (CLS 1961, §§ 224.21, 257.610; GCR 1963, 117.2[1]).*

Appeal from Court of Appeals, Division 1; Lesinski, C. J., and T. G. Kavanagh and Rashid, JJ., affirming Wayne, Burdick (Benjamin D.), J. Submitted November 9, 1967. (Calendar No. 30, Docket No. 51,615.) Decided March 4, 1968. Rehearing granted April 1, 1968 by order vacating order of affirmance by equal division of the Supreme Court and remanding cause to the Court of Appeals for rehearing *en banc.* See 16 Mich App 365.

4 Mich App 359, affirmed.

Complaint by Hassie Mullins, special administratrix of the estate of Clifford Ray Dutton, deceased, against Wayne County, the Board of Wayne County Road Commissioners, and Clarence Sell and Lois M. Sell, for the wrongful death of her decedent when an automobile which he was driving went off the end of a county road onto lands owned by defendants Sell. Summary judgment in favor of defendant County and Road Commissioners. Plaintiff appealed to Court of Appeals. Affirmed. Plaintiff appeals. Affirmed by an equally divided court.

*Ripple, Chambers & DeWitt (Sanford L. Steiner,* of counsel) and *Thomas Roy Finn,* for plaintiff.

*Cary, BeGole, Martin, Bohall & Joselyn,* for defendent Road Commissioners.

Souris, J. (*for reversal*). Plaintiff's complaint was dismissed before trial on defendant county's motion for summary judgment. The motion for summary judgment, filed pursuant to GCR 1963, 117.2(1), asserted that the complaint failed to state a claim upon which relief could be granted. It was, in other words, the equivalent of that which, under our former bench practice, would have been presented by a motion to dismiss for failure to state a cause of action. See *Durant* v. *Stahlin* (*Appeal in re Van Dusen, Elliott, Romney*) (1965), 375 Mich 628, 642–644.

Plaintiff, as special administratrix of the estate of Clifford Ray Dutton, brought suit under the wrongful death act[1] to recover damages resulting from her decedent's death allegedly caused by defendant county's negligence. The complaint alleged that Mr. Dutton was killed when he drove his automobile off the end of Mortenview road, a Wayne county road, and into an obstacle located on private property beyond the road's end. The county's negligence was alleged to consist of its failure to post suitable signs or other warning devices at the end of the road and, in addition, its failure to barricade the end of the road knowing, as it was alleged it knew or should have known, that a dangerous and sometimes not clearly visible obstacle had been erected and was being maintained on private property at the end of the road.

The Court of Appeals affirmed dismissal of the complaint. It affirmed upon the assumption that the negligence pleaded against the county consisted only of its alleged failure to post suitable signs of warning. The Court of Appeals said in its opinion that the county's failure to post such signs did not violate the county's statutory duty, imposed by the

---

[1] CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).

provisions of CLS 1961, § 224.21 (Stat Ann 1958 Rev
§ 9.121),[2] to keep its highways in reasonable repair
and that its failure to erect signs pursuant to the
discretionary statutory power granted by CLS 1961,
§ 257.610 (Stat Ann 1960 Rev § 9.2310)[3] could not
be the basis for imposing liability upon the county
for injuries resulting from such failure. 4 Mich App
359. We granted leave to appeal. 378 Mich 743.

The Court of Appeals did not consider the legal
sufficiency of plaintiff's claim that the county's causal
negligence consisted of its failure to erect a barricade
at the end of Mortenview road as well as its failure
to maintain warning signs. As we view the com-
plaint, both the barricade claim and the warning sign
claim were legally sufficient to survive defendant's
prior-to-trial motion for summary dismissal. We
are obliged, therefore, to reverse the Court of Ap-
peals.

I.

It is not the law of this State that whenever a
discretionary power is granted to a public official or
body its exercise or nonexercise is immune from judi-
cial review. There is no authority for such a propo-
sition, and we are not inclined to write it into our
law today.

---

[2] "It is hereby made the duty of the counties to keep in reasonable
repair, so that they shall be reasonably safe and convenient for pub-
lic travel, all county roads, bridges and culverts that are within their
jurisdiction and under their care and control and which are open
to public travel. The provisions of law respecting the liability of
townships, cities, villages and corporations for damages for injuries
resulting from a failure in the performance of the same duty re-
specting roads under their control, shall apply to counties adopting
such county road system."

[3] "(a) Local authorities and county road commissions in their re-
spective jurisdictions shall place and maintain such traffic-control de-
vices upon highways under their jurisdiction as they may deem
necessary to indicate and to carry out the provisions of this chapter
or local traffic ordinances or to regulate, warn, or guide traffic. All
such traffic-control devices hereafter erected shall conform to the
State manual and specifications."

The county's failure to erect warning signs at the end of Mortenview road, as it is granted discretionary power to do, does not, standing alone as an allegation of pleaded fact, justify the conclusion that the county exercised its discretionary power. It may be that, upon trial of this case, evidence will be produced to prove that the county's road commissioners considered the conditions of the road and determined that traffic control devices were unnecessary to the accomplishment of the legislature's purpose as expressed in CLS 1961, § 257.610. However, on this record, limited to the pleaded allegations of the complaint, it is not possible to determine as a matter of law that the commissioners exercised their discretionary power at all.

As we said in *Spalding* v. *Spalding* (1959), 355 Mich 382, at 384, "the term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." It is not an exercise of discretion adamantly to refuse, or by negligent oversight to fail, to make a choice, to exercise will, to determine between competing considerations. On motion for summary dismissal of plaintiff's complaint before trial, it was error to conclude that the pleaded failure of the county to erect traffic control devices was, as a matter of law, the result of an exercise of the county's discretionary power.

## II.

Nor are we prepared to say, as did the Court of Appeals, that the county's pleaded failure to erect and maintain traffic control devices, if found to be necessary to make Mortenview road "reasonably safe and convenient for public travel," imposed no liability upon it for breach of duty imposed by CLS 1961, § 224.21, pertinently quoted in footnote 2, *supra.*

The Court of Appeals distinguished *O'Hare* v. *City of Detroit* (1960), 362 Mich 19, on the ground that there it was held that the municipality might be liable for negligent failure to replace a stop sign which had been erected but had been knocked down, whereas in this case of Mullins, as far as the present record discloses, no traffic signal device ever had been erected. Whether a county can be held liable for negligently determining, in the exercise of its discretionary power granted by CLS 1961, § 257.610, to erect or not to erect a traffic signal device, is an issue that was not necessary to decision, nor was it decided, in *O'Hare;* and it is not before the Court in the case at bar. What is at issue, at least upon determination of a motion for summary dismissal before trial, is whether a county can be held liable for negligently failing to keep its public highways in condition reasonably safe and convenient for public travel by failing to exercise its discretion under section 257.610— by failing even to consider whether or not traffic signal devices were necessary to the public's safety and the highway's fitness for travel.

If a county is liable for negligently failing to replace a damaged sign it had erected because its destruction created a danger to the public, it would be anomalous to hold that no liability would have attached had the sign never been erected in the first place, not because the county had considered the matter and exercised its discretion not to erect the sign but, rather, because the county neglected to give the matter any consideration at all. And again, as far as the present record discloses, the matter never has been considered by the county road commissioners. We hold that if, in fact, the county failed to consider erecting traffic control devices to warn the traveling public of the terminus of Mortenview road and if, in fact, the road was not reasonably safe and fit for travel absent such devices, the county would be liable

to a traveler injured as a proximate result of the
county's failure to act. These facts could not be
determined properly on motion for summary dis-
missal before trial.

## III.

There is still another reason the defendant
county's motion for summary dismissal should have
been denied. Wholly apart from the plaintiff's claim
based upon the county's failure to erect traffic con-
trol devices, considered in Parts I and II, *supra,* the
plaintiff's complaint also alleged the county's causal
negligence in failing to erect a barricade at the ter-
minus of Mortenview road, the visible presence of
which might have prevented plaintiff's decedent from
running off the road and into the obstacle on the
abutting private property. This is the claim that was
not considered by the Court of Appeals.

We have held previously that the absence of a
barracade might be found to render a road unsafe
and unfit for travel. See *Lamb* v. *Township of Clam
Lake* (1913), 175 Mich 77, and *Jewell* v. *Rogers Town-
ship* (1919), 208 Mich 318. In *Jewell,* a long-used
thoroughfare had been cut by a quarry with the
township's approval but without a barricade or
other suitable warning of danger. This Court held
that the township's liability for death resulting to a
traveler whose motor vehicle fell into the unguarded
quarry was a question for the jury. Liability in
*Jewell* must have been predicated upon a jury's find-
ing that the absence of a barricade at the thorough-
fare's terminus created a dangerous condition. That
it was a newly created danger does, it is true, dis-
tinguish *Jewell* from the pleaded facts of the case at
bar, but nothing in the Court's opinion in *Jewell* in-
dicates that that fact was significant to decision.
That distinguishing fact is not essential to the legal

issue of a county's liability for failing to maintain its roads in condition reasonably safe and fit for travel. It is for a jury to determine whether the absence of a barricade, as pleaded by plaintiff, was a breach of the duty imposed upon the county by CLS 1961, § 224.21 and a proximate cause of the death of plaintiff's decedent.

This case should be reversed and remanded to the circuit court for further proceedings. Plaintiff may tax her costs.

BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred with SOURIS, J.*

BRENNAN, J. *(for affirmance)* The decision of the Court of Appeals correctly states the settled law of this State under the involved statutes. We should affirm.

DETHMERS, C. J. and KELLY and O'HARA, JJ., concurred with BRENNAN, J.*

---

* Order of affirmance by equal division of the Supreme Court set aside *sua sponte* when rehearing was granted and cause remanded to Court of Appeals for rehearing *en banc.* See 16 Mich App 365.— REPORTER.