JOHNSTON'S ADMINISTRATOR *v.* UNITED AIRLINES

1. PLEADING—SUMMARY JUDGMENT.

Every well-pleaded allegation in a complaint is assumed to be true by both trial and appellate courts in determining the propriety of a motion for summary judgment for failure of the complaint to state a cause of action upon which relief can be granted.

2. WORKMEN'S COMPENSATION—REDEMPTION ORDER—INVALIDATION—FRAUD.

A redemption order in workmen's compensation proceedings is a final determination and an award made and accepted may not be disturbed except upon a showing that it was procured by fraud.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading §§ 340–343.
[2–7] 58 Am Jur, Workmen's Compensation §§ 395, 497.

3. Fraud—Definition.

Fraud is an intentional perversion or concealment of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right.

4. Workmen's Compensation — Fraud — Negligence — Pleading — Judgment — Summary Judgment.

Summary judgment for defendant employer in an action to set aside a workmen's compensation redemption agreement for fraud was properly granted where plaintiff administrator alleged negligence, not fraud, in charging that defendant's doctors with reasonable diligence could have, or should have, discovered decedent's disc condition and failed to allege that defendant's doctors or employees had advised decedent to accept a compensation settlement or that someone in defendant's employ knew of a more serious injury to decedent than a neck or back strain.

5. Negligence—Fraud—Distinction.

Negligence is founded on the failure to use due care while fraud requires an intentional perversion or concealment of the truth and reliance thereon.

6. Workmen's Compensation—Redemption Agreement—Fraud.

Defendant employer's refusal to approve additional x-rays at the request of decedent's physician did not constitute fraud where defendant, after contesting its liability for decedent's injury, owed no further duty to decedent, to his counsel, or to decedent's physician to authorize or to pay for additional medical expenses where it was evident from the record at the workmen's compensation hearing that neither decedent nor his attorney deemed additional x-rays to be a necessity.

7. Workmen's Compensation—Lump Sum Payment—Redemption Agreement.

A lump sum payment of workmen's compensation benefits to plaintiff's decedent before a redemption agreement was effected did not violate a then existing statutory provision requiring weekly compensation payments for not less than six months before settlement where the evidence showed that plaintiff's decedent had received 26 weekly payments at the proper rate.

Appeal from Genesee, John W. Baker, J.  Submitted Division 2 November 13, 1969, at Lansing. (Docket No. 6,348.)  Decided April 24, 1970.

Complaint by the administrator of the estate of Eugene S. Johnston, deceased, against United Airlines, a corporation successor to Capital Airlines, Inc., and Liberty Mutual Insurance Company, a corporation, to set aside a workmen's compensation redemption agreement for fraud.  Summary judgment for defendants.  Plaintiff appeals.  Affirmed.

*Andrew J. Transue,* for plaintiff.

*Hoffman & Rubenstein,* for defendants.

Before:  LEVIN, P. J., and T. M. BURNS and DANHOF, JJ.

DANHOF, J.  Plaintiff filed a complaint seeking to set aside a redemption agreement executed by plaintiff's deceased and defendant airlines on the basis of fraud.  Subsequent to the filing of the initial complaint a motion for summary judgment was filed on behalf of defendants, which was granted but the trial court allowed the plaintiff to file an amended complaint, which was done on August 12, 1968.  On August 29, 1968 another motion for summary judgment was filed and by written opinion on September 20, 1968 the trial judge granted the motion for summary judgment.  The order of dismissal was signed and filed on September 25, 1968.  Plaintiff appeals the entry of this order.

It is well-settled that in determining the propriety of a motion for summary judgment, for failure of the complaint to state a claim upon which relief can be granted, every well-pleaded allegation in the

complaint is assumed to be true by both the trial court and the appellate courts. *Bielski* v. *Wolverine Insurance Company* (1967), 379 Mich 280; *Hiers* v. *Detroit Superintendent of Schools* (1965), 376 Mich 225.

The pleaded facts indicate that on February 1, 1960 plaintiff* was injured while in the employment of Capital Airlines, Inc., a company subsequently merged and now a part of United Airlines, at Flint, Michigan. From February 1, 1960 to February 11, 1960 plaintiff was hospitalized at McLaren Hospital, Flint, Michigan under the care of Dr. Donald Brasie, a medical doctor to whom plaintiff was referred by his employer, Capital Airlines, Inc., and whose services were paid for by the employer's workmen's compensation insurance carrier, Liberty Mutual Insurance Company. On March 8, 1960 a notice of dispute of the plaintiff's claim was filed by the defendants with the state of Michigan workmen's compensation department. On or about March 24 plaintiff retained his own attorney, Mr. Robert J. MacDonald, to represent him in the workmen's compensation claim. On or about March 24 plaintiff was examined by his personal physician, Dr. Burt A. Parliament of Flint, Michigan. On April 19, 1960 Dr. Parliament gave a detailed medical report to the plaintiff's attorney, Mr. MacDonald. On June 6, 1960 Dr. Parliament furnished plaintiff's attorney, Mr. MacDonald, with a further medical report of the plaintiff. On July 29, 1960 an agreement to redeem the liability was entered into by and between the plaintiff, the plaintiff's attorney, and attorneys for the defendants, on the required form furnished by the workmen's compensation department. On August 4, 1960 a hearing on the

---

* Plaintiff refers to plaintiff's decedent when circumstances of injury, treatment and compensation settlement are discussed.— REPORTER.

redemption was had and testimony taken before James W. Nolan, hearing referee of the workmen's compensation department. A copy of this transcript on the redemption hearing was attached to and made a part of the plaintiff's complaint.

The agreement to redeem the liability which plaintiff signed on July 29, 1960 stated in part:

"Plaintiff claims that he is still disabled because of the injury sustained on February 1, 1960. Defendants dispute this.

"Plaintiff, rather than litigate this matter, has offered to settle his claim for any and all compensation benefits of every nature for $2000. Defendants agree to pay the sum of $2000 in full settlement of all liability pursuant to the workmen's compensation act of Michigan. It is specifically understood and agreed that this redemption is intended to cover any medical expenses which plaintiff may have incurred or may incur in the future.

"Plaintiff adopts and accepts the medical reports attached hereto."

A full redemption based upon the above agreement was approved by the workmen's compensation referee on August 4, 1960.

The injury complained of was the result of a fall from an airplane loading stand, when plaintiff allegedly landed on his head and shoulders. He was hospitalized for a short period under the care of the doctor recommended by the defendant, Capital Airlines, Inc. and paid for by the compensation carrier, defendant, Liberty Mutual Insurance Company. Plaintiff received further medical treatment at a clinic in Washington D. C. to which he was sent by defendant. On March 8, 1960 the liability of the plaintiff's claim was disputed on the basis of diabetes. In addition to diabetes, plaintiff was the vic-

tim of arthritis and high blood pressure. After the
dispute was filed plaintiff retained his own coun-
sel to represent him in his claim, and also was ex-
amined by his own personal physician. The testi-
mony taken at the redemption hearing as shown
by the transcript, made a part of the plaintiff's
complaint, indicates that plaintiff accepted the set-
tlement upon the recommendation of his attorney
and physician.

"*Referee:* You feel that if you took this settle-
ment and went back home, why, maybe some of these
worries and problems that you have around here
would leave, and insofar as the diabetes is concerned,
that could level itself off?

"*A.* That's what my personal physician recom-
mended, as far as the diabetes.

"*Referee:* All right, Robert.

"*Mr. MacDonald:* This started out as an argu-
ment regarding whether this was an idiopathic fall
in which he had had a diabetic attack or whether he
actually fell. It would be disputed on trial. Our
contention is that he had an actual fall and he did
not have any attack of diabetes.

"Dr. John Benson who is his personal physician
treating him for the diabetes indicates and would so
testify that he thinks it was not a fall due to a dia-
betic attack. On the other hand, Dr. Benson does
not feel that his diabetes was aggravated or ex-
acerbated to an extent it would do anything more
than a temporary problem.

"Now, I have gone over this with Mr. Johnston
in great detail and I have talked to Dr. Benson three
times now. Dr. Parliament's report [*sic*] are on file
regarding the back injury. This is strictly a com-
promise. I have gone into it and he is packed to go,
and as I understand, you believe that there is avail-
able a job working in a motel in your—

"*A.* Well, that's not definite, Mr. MacDonald.

"*Mr. MacDonald:* In other words, your father did tell you that he thought that this was available when you arrived?

"*A.* It might be available when I get there.

"*Mr. MacDonald:* Yes. I feel this is a good solution to this. The problem in this case really that has been upsetting Mr. Johnston is not so much the injury or things that have occurred as a result of this fall, but the fact that the air lines let him go after seven years or so of service. It is true that he had had diabetes and it apparently is also true that he did on his application when hired in not state that he had had diabetes at one time. That is another matter with which the department can't concern itself here.

"As I understand, he has opportunities in the East and this has been on his mind and he is anxious to leave. I think it is a good solution to what is a difficult problem."

Plaintiff accepted the award and moved to the State of New York. Some years later, he learned from New York doctors that he had a disc condition. On August 11, 1967 plaintiff filed his original complaint to set aside the redemption order entered by the workmen's compensation department on the basis of fraud and constructive fraud.

A redemption order is a final determination and an award made and accepted cannot be disturbed except upon a showing that it was procured by fraud. *Panozzo* v. *Ford Motor Co.* (1931), 255 Mich 149; *Catina* v. *Hudson Motor Car Co.* (1935), 272 Mich 377.

Fraud is an intentional perversion or concealment of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. Black's Law Dictionary, 4th Ed.

Assuming as we must, all well-pleaded allegations of fact to be true, we must now ascertain whether from the complaint filed and the record there was fraud committed on the plaintiff. This we do not find. There is no allegation that defendants' employees or any doctor hired by the defendants advised the plaintiff to accept the compensation settlement. There is no allegation that anyone had any knowledge of any more serious injury to the plaintiff than a neck or back strain. Plaintiff contends that defendants' doctors with reasonable diligence could have, or should have, discovered the disc condition, and that failure to do so amounts to fraud. Plaintiff's conclusion is erroneous. Under the circumstances the best that can be stated is a charge of negligence and negligence is not fraud. Negligence is founded upon the failure to use due care, while fraud requires an intentional perversion or concealment of the truth and reliance thereon.

A motion for summary judgment under GCR 1963, 117.2(1) may be granted only where it appears on the face of the challenged pleading that the pleader cannot recover. *Major* v. *Schmidt Trucking Company* (1968), 15 Mich App 75, 78.

From a careful reading of the amended complaint it affirmatively appears that the plaintiff's allegations are based upon negligence rather than upon intentional perversion or concealment of the truth. Thus, the trial court was correct in determining that the amended complaint failed to state a claim upon which relief could be granted and properly granted defendants' motion for summary judgment.

The second issue raised alleging fraud is that the defendants did not approve more x-rays at the request of plaintiff's doctor. The claim of the plaintiff was disputed because of diabetes and plaintiff's statement, "I don't know what happened, I guess I

must have slipped." After contesting the liability the defendants owed no further duty to the plaintiff, his counsel, or plaintiff's physician, to authorize or pay for additional medical expenses. The failure of defendants to order x-rays at the request of plaintiff's doctor does not establish fraud on the part of the defendants. It is evident from the record made at the redemption hearing that neither plaintiff nor his attorney deemed this to be a necessity.

Plaintiff contends further that the statute in effect at the time of the occurrence (CL 1948, § 412.22 [Stat Ann 1960 Rev § 17.172]) required weekly payments of compensation benefits for not less than six months before entering into a redemption agreement. He claims that the lump sum payment prior to settlement negotiations was in violation of the existing statute and therefore the department had no jurisdiction to enter the redemption award. Plaintiff's authority, *Donald Bowe* v. *American Motors,* 1959 WCABO 112 and *Ethel Carter* v. *General Motors Corporation,* 1959 WCABO 177, are not persuasive. These cases hold only that payments must be made at the proper rate. There is no allegation that the defendants did not compute the compensation to be paid at the proper rate, and the report filed with the workmen's compensation department shows that the decedent was in fact paid a compensation rate of $33 per week for 26 weeks amounting to $858, that a redemption in the amount of $2000 was added thereto, making a total award of $2,858.

Compromise settlements and redemption are favored in the law. See *Johnson* v. *Nationwide Life Insurance Company* (1967), 7 Mich App 441, and *Wehmeier* v. *W. E. Wood Company* (1966), 377 Mich 176.

Plaintiff has advanced no legal argument or sufficient authority to overcome the procedure utilized in this case effecting the final redemption.

The opinion and order of the lower court granting defendants' motion for summary judgment is affirmed.

All concurred.