WECKLER v BERRIEN COUNTY ROAD COMMISSION

OPINION OF THE COURT

1. HIGHWAYS—COUNTY ROAD COMMISSIONS—STATUTES—MAINTENANCE OF HIGHWAYS—BREACH OF DUTY—QUESTION OF FACT—JUDGMENT—SUMMARY JUDGMENT.

    A county road commission is bound by statute to keep a highway in a condition reasonably safe and fit for travel; summary judgment for a defendant road commission was error where whether this duty was breached by a failure to erect snow barriers at a point where an accident occurred, under an allegation in the complaint and the facts in the case, was a question of fact for jury determination (MCLA 224.21).

CONCURRENCE BY J. H. GILLIS, J.

2. HIGHWAYS—COUNTY ROAD COMMISSIONS—STATUTES—MAINTENANCE OF HIGHWAYS—LIABILITY FOR INJURIES.

    *A county road commission has the statutory duty to keep roads under its jurisdiction in reasonable repair so that they shall be reasonably safe and convenient for public travel, but is not liable for injuries caused by the usual and natural accumulation of snow and ice on its roads (MCLA 224.21).*

3. HIGHWAYS—COUNTY ROAD COMMISSIONS—STATUTES—DESIGN OF HIGHWAYS—DEFECTS IN DESIGN—DUTY.

    *A statute imposes upon a county road commission a duty to design roadways in a reasonably safe manner and to correct defects in design (MCLA 224.21).*

Appeal from Berrien, William S. White, J. Submitted Division 3 May 8, 1974, at Grand Rapids. (Docket No. 17925.) Decided August 14, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 340, 579.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 509.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 411 *et seq.*

Complaint by Kathleen J. Weckler against the Berrien County Road Commission for negligence. Summary judgment for defendant. Plaintiff appeals. Reversed.

*Butzbaugh, Page, Butzbaugh & Dewane,* for plaintiff.

*Seymour, Seymour, Conybeare & Hosbein,* for defendant.

Before: ALLEN, P. J., and J. H. GILLIS and QUINN, JJ.

QUINN, J. By her complaint, plaintiff sought to recover damages for personal injuries sustained as a result of the alleged negligence of defendant. She appeals from the trial court's grant of summary judgment in favor of defendant.

April 2, 1970, plaintiff was driving her automobile in a westerly direction on Napier Avenue in Berrien County. As she approached the intersection of Napier and Hillendale Road, she collided with a vehicle travelling in an easterly direction on Napier and driven by Donald Selters. Selters and his wife filed suit against plaintiff and her father to recover damages for personal injuries, and this suit was settled out of court. Before this settlement, however, plaintiff filed a counterclaim against the Selters and a cross-claim against defendant. The cross-claim is the action involved in this appeal.

The original cross-complaint of plaintiff alleged that defendant was negligent in failing (1) to "use reasonable means to inspect" the road to ascertain when it was impassable because of an accumulation of snow, and (2) to "remove the snow which had accumulated" on the road. Defendant's motion

for summary judgment on the ground that plaintiff had failed to state a claim upon which relief can be granted, GCR 1963, 117.2(1) was granted conditionally, plaintiff being given 20 days to file an amended complaint.

The amended complaint added an allegation that defendant was negligent in failing "to take reasonable steps to correct a defective design in said roadway". Subsequently, plaintiff filed a more definite statement that the defective design "consisted of the failure to erect snow barriers, or other means, along the roadway to prevent the excessive and dangerous accumulation of snow on said roadway". Defendant's motion to reinstate the grant of summary judgment was granted, and this appeal followed.

By MCLA 224.21; MSA 9.121, defendant was statutorily bound to keep the highway in a condition reasonably safe and fit for travel. On appeal, we accept as true the well pleaded facts in plaintiff's complaint, *Johnston's Administrator v United Airlines*, 23 Mich App 279; 178 NW2d 536 (1970). The allegation "consisted of the failure to erect snow barriers, or other means, along the roadway to prevent the excessive and dangerous accumulation of snow on said roadway" implies a failure to maintain the roadway in a condition reasonably safe and convenient for public travel. Under that allegation and the facts of this case, it appears to us that the issue raised may be stated as, "Was the duty of defendant to maintain the highway in a condition reasonably safe and fit for travel breached by its failure to erect snow fences at the point in the highway where the accident occurred?" This is a question of fact for jury determination.

Since plaintiff's pleadings presented a fact ques-

tion for jury determination, it was error for the
trial court to reinstate the summary judgment on
defendant's motion therefor.

Reversed and remanded with costs to plaintiff.

ALLEN, P. J., concurred.

J. H. GILLIS, J. *(concurring).* On April 2, 1970,
Kathleen Weckler, plaintiff herein, was driving
her automobile in a westerly direction on Napier
Avenue in Berrien County. As she approached the
intersection of Napier and Hillendale Road, she
collided with a vehicle traveling in an easterly
direction on Napier and driven by Donald Selters.
Mr. Selters and his wife, Isabelle, a passenger,
brought suit against Kathleen, a minor, and her
father, Donald, as next friend, to recover damages
for personal injuries. The Wecklers filed a counter-
claim against the Selters and a cross-claim against
defendant herein, Berrien County Road Commis-
sion.[1]

In her original complaint plaintiff alleged de-
fendant was negligent in failing (1) to "use reason-
able means to inspect" the road to ascertain
whether it was impassable because of an accumu-
lation of snow, and (2) to "remove the snow which
had accumulated" on the road. Defendant filed a
motion for summary judgment on the ground that
plaintiff had failed "to state a claim upon which
relief can be granted". GCR 1963, 117.2(1). The
motion was conditionally granted, plaintiff being
given 20 days to file an amended complaint.[2] Plain-

---

[1] Kathleen Weckler has since reached the age of majority and is the
sole plaintiff-appellant. The suit between the Selters and Wecklers
was settled out of court, and, consequently, only Kathleen Weckler's
claim against Berrien County Road Commission is before this Court.

[2] In his order granting the summary judgment the circuit court
judge said: "It is further ordered that third-party plaintiff shall have
20 days within which to file an amended complaint in the event he

tiff did so file, alleging additionally that defendant was negligent in failing "to take reasonable steps to correct a defective design in said roadway". In a subsequently filed more definite statement, plaintiff said the defective design "consisted of the failure to erect snow barriers, or other means, along the roadway to prevent the excessive and dangerous accumulation of snow on said roadway". After a hearing, the court granted defendant's motion to reinstate the grant of summary judgment. Plaintiff appeals.

A county road commission has the statutory duty to keep roads under its jurisdiction in reasonable repair so that they shall be reasonably safe and convenient for public travel.[3] However, the majority and Michigan rule is that a municipality is not liable for injuries caused by the usual and natural accumulation of snow and ice on its roads. *Johnson v Marquette,* 154 Mich 50; 117 NW 658 (1908); *Gerrie v Port Huron,* 226 Mich 630; 198 NW 236 (1924); 19 McQuillin, Municipal Corporations (3d Ed), § 54.79, pp 254–259. Therefore, we think the lower court was correct in its ruling that plaintiff failed to state a claim in her original complaint. However, the propriety of the summary judgment as to the additional allegation in plaintiff's amended complaint is a different matter.

On appeal, we accept as true the well-pleaded

should so desire." We think these words make the order conditional since this is the only rational interpretation in light of the future actions of the parties.

[3] MCLA 224.21; MSA 9.121 provides: "It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system."

facts in plaintiff's complaint. *Johnston's Adminis-trator v United Airlines,* 23 Mich App 279; 178 NW2d 536 (1970). Therefore, we must accept as true plaintiff's allegation that the roadway was defectively designed because of the failure of de-fendant to erect snow barriers.[4] Thus, the question becomes simply: Does MCLA 224.21; MSA 9.121 impose upon a county road commission a duty to design roadways in a reasonably safe manner and to correct defects in design? We think it does.

In *Mullins v Wayne County,* 16 Mich App 365, 372–375; 168 NW2d 246, 248–250 (1969), this Court reasoned:

"The prior decision of our Court[5] would limit the road authority's obligation under the applicable statute to preservation of the status quo. More specifically, if a road has been built and goes into disrepair, the road authority is obliged to repair it. If it becomes ob-structed, the obstruction must be removed without regard to who places it there. If a sign has been erected and falls down, it must be replaced. But, says that opinion, that is where the road authority's duty ends.

"The prior opinion italicized the words 'to keep in reasonable repair' in the quotation of the relevant portion of the applicable statute * * * . That 'emphasis supplied' emphasizes the theoretical basis for the Court's opinion, *i.e.,* there is a duty to keep in reasona-ble *repair*—to maintain the status quo—but not a duty

---

[4] Usually, when we think of snow barriers, we think of temporary fences erected in the fall and taken down in the spring. If these are the type of barriers contemplated by plaintiff, an allegation of "fail-ure to maintain" would seem to be more appropriate than an allega-tion of "defective design". However, the question is really one of semantics. In fact, if plaintiff intends to prove that some type of permanent barriers should have been erected, "defective design" would seem to be the correct phraseology.

[5] *Mullins v Wayne County,* 4 Mich App 359; 144 NW2d 829 (1966). This decision was affirmed by an evenly divided Supreme Court, 380 Mich 151; 156 NW2d 546 (1968). The order of affirmance was subse-quently vacated by the Supreme Court on April 1, 1968, and the case remanded for a rehearing *en banc* by this Court.

to construct or keep the road so that it is 'reasonably safe and convenient for public travel'.

"Such view was, indeed, once the law in Michigan but it has not been the rule since the enactment of the legislation here under consideration and the construction of that legislation by the Michigan Supreme Court in *Joslyn v City of Detroit,* 74 Mich 458; 42 NW 50 (1889), and *Malloy v Township of Walker,* 77 Mich 448; 43 NW 1012 (1889) (6 LRA 695). In *Joslyn,* the Court held that the road authority is liable not only 'for injuries occurring through neglect to keep the streets in repair, but also for such as occur by reason of the neglect of the city to keep its streets in a condition reasonably safe and fit for travel'. In *Joslyn* an obstruction was permitted to continue in the midst of the road without warning lights. In language which should guide us in this case, the Court declared (p 461):

" 'It [the statute] requires everything to be done by the city necessary to make travel upon its streets reasonably safe. If in so doing it becomes necessary to place signals or other safeguards at given points, or give other proper warning, it is the duty of the city to see that it is done or that the street is closed to travel; and that duty is imposed by the express language of the statute, and the injury arising from the neglect of such duty to the citizen will make the municipality responsible to the party injured.'

"In *Malloy* the Court carefully reviewed the history of prior decisions, including those to the effect that negligence in the plan of construction, as distinguished from negligence in the execution of the plan, was not actionable. It held that such earlier case law had been superseded by the enactment of the statutory language then before the Court and now before us.

"The specific allegation of negligence in *Malloy* shows that the duty of the road building authority goes beyond the preservation of the status quo, that it does indeed have the affirmative duty to design and construct the road and keep it 'reasonably safe and convenient for public travel'.

"The specific claim of negligence in *Malloy* was that the road authority was negligent in not constructing

railings or barriers alongside an embankment. The Michigan Supreme Court concluded that it was for a jury to decide whether railings or barriers were required in the circumstances of the case then at bar. Thus, the Court ruled that even if the surface of the road was perfectly engineered and constructed, the failure to design the road in a reasonably safe manner, including the erection of railings and barriers, could be an act of negligence." (Footnotes omitted.) See *Hargis v Dearborn Heights,* 34 Mich App 594; 192 NW2d 44 (1971).

Thus, defendant does have a duty to design its roadways in a reasonably safe manner. Since plaintiff has stated a claim which, if proven, entitles her to relief, defendant's motion to reinstate the summary judgment should have been denied.

Reversed. Costs to appellant.