REMES v DUBY

1. PROCESS—SERVICE OF PROCESS—DWELLING HOUSE—UNLAWFUL FORCE—QUESTION OF FACT.

The question of what constitutes the use of unlawful force to gain entry to a dwelling is a question of fact in a situation where it is alleged that two deputies gained entry by following a third party through a door, pushing the party aside after being refused admittance, in order to serve process on two of the occupants; therefore the grant of summary judgment in favor of the defendant deputies was error.

2. PROCESS—SERVICE OF PROCESS—DWELLING HOUSE—FORCIBLE ENTRY.

The outer door or other outside protection to a dwelling house may not generally be broken or forcibly entered in the execution of a civil writ or process, even after request and refusal of admittance; however, once the officer gains entrance through the outer door without force or fraud he may force open any other door if necessary to complete service of the process.

Appeal from Eaton, Willard L. Mikesell, J. Submitted May 5, 1976, at Lansing. (Docket No. 23987.) Decided May 28, 1976.

Complaint by Richard C. Remes and Billie J. Remes against Joseph Duby, Gerald Woods, Michael L. Chojnowski, and the law firm of Brown, Colman & DeMent, for damages for trespass. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 62 Am Jur 2d, Process §§ 58–61.

Validity, construction, and application of statutes authorizing public officer to break into building to serve documents or process or to execute process in civil proceeding. 129 ALR 247.

*H. Donald Bruce,* for plaintiffs.

*Raymond Joseph,* for defendants Joseph Duby and Gerald Woods.

*Foster, Swift & Collins, P. C.* (by *Webb A. Smith* and *Michael J. Schmedlen),* for defendants Michael L. Chojnowski and Brown, Colman & DeMent.

Before: QUINN, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

D. E. HOLBROOK, J. This is an appeal from an order of summary judgment in favor of all defendants and against plaintiffs on the grounds that the complaint failed to state a cause of action upon which relief could be granted. GCR 1963, 117.

This case arose out of an attempt on the part of defendants Duby and Woods to effect service of process on the plaintiffs. After several unsuccessful attempts to serve plaintiffs, the defendants Duby and Woods, deputies of the Eaton County sheriff, at the direction of defendant Chojnowski, a member of the defendant law firm, Brown, Colman & DeMent, came to plaintiffs' residence at 10:15 p.m. on the date in question, in order to serve process on plaintiffs. Since, for the purposes of this appeal, we must accept as true the well-pleaded facts in the complaint, *Weckler v Berrien County Road Commission,* 55 Mich App 7; 222 NW2d 9 (1974), we quote a portion of that complaint:

"That on June 1, 1974 at 10:15 p.m. defendant Gerald Woods and Joseph Duby approached said premises and parked their automobile in the driveway thereof. After conferring briefly with Larie Remes, age 17, daughter of the plaintiffs, said defendants followed her to the front door of the house and when it was opened by Barbara Tessin to admit the daughter the said *defendant Woods*

*grasped the door and held it open. Upon being advised by Barbara Tessin they could not enter without a search warrant the defendants Woods and Duby opened the door further, stated they could enter since they had papers and did so. After pushing Barbara Tessin aside,* defendants Woods and Duby searched the downstairs of said residence and the upstairs; they pounded on a bathroom door on the first floor wherein a son of plaintiffs, Ralph Remes age 18, was taking a shower, coaxed him to come outside, asked him questions and verbally threatened him.

\* \* \*

"That the plaintiffs are informed and believe said defendants Gerald Woods and Joseph Duby were acting under directions of the defendant, Michael C. Chojnow- ski *[sic],* an attorney at law who is associated with the firm of Brown, Colman and DeMent when they varied the legally prescribed method of serving a summons and engaged in this illegal entry of a dwelling by breaking." (Emphasis supplied.)

The trial court granted a summary judgment in favor of all the defendants. The theory of law employed by the trial court is apparent from the following:

*"The Court:* What difference does it make whether the door is open for they were there so they could go in?

*"Mr. Bruce [plaintiffs' attorney]:* That is the real crux of this case and I invite your attention to the quote I have made from VanderHoger vs. Mae *[sic].* The crucial question in the case is whether the proofs can be said to establish that the defendant may force entrance to the house of the plaintiff through the outer door.

*"The Court:* How do you get a forced entry in this case?

*"Mr. Bruce:* You push the door when it is being held against the pusher. That is force. Now, I have checked the cases and the law on this and it is the exercise of any force, if it is a question of whether the baby sitter

voluntarily opened the door and said come on in, which was not the case, because she held the door against him and said you can't come in here.

"*The Court:* Why would she do that?

"*Mr. Bruce:* Because she didn't want somebody coming into their home.

"*The Court:* Why would she be standing there saying you officers can't come into this house?

"*Mr. Bruce:* Because they were strangers to her. Now, I think that, your Honor, is the issue and the facts that needs *[sic]* to be resolved by the jury and it is not a question of law and since there are issues of fact particularly on this degree of force, the Court Rule 117 requires a motion for summary judgment to be denied and this I ask you to do.

\* \* \*

"*The Court:* When that is once open, it doesn't come within the law that this door *is broken down* and that is what those cases are dealing with. Walking through a door following someone else into a house doesn't constitute breaking down a door and I cannot imagine that any court would so determine and that is the basis of your allegations in your complaint.

"*Mr. Bruce:* That is correct, the most we have.

"*The Court:* Said defendants filed and heard *[sic]* at the front door of the house and when it was opened by Barbara to admit the daughter of said defendant, Woods grabbed the door and held it open. He didn't open anything. He just saw that it wasn't closed and that is not breaking down doors. The motion for summary judgment is granted as to all defendants. There is no basis, no issue of fact created by the complaint upon which a trial could be held." (Emphasis supplied.)

Thus, it is clear that the trial court believed that, while there may exist a cause of action against those who would "force" an entry into a dwelling house in order to serve process on the occupants, that there was no requisite "forcing" present in this case. Apparently the trial court was under the impression that nothing short of "breaking down a

door" would satisfy the use of force requirement. The question of what will constitute the use of force in a case such as this is one of fact. Therefore, the granting of a summary judgment in this case was error. *Weckler, supra.* It does not appear from the pleadings that plaintiffs' claim was so clearly unenforceable as a matter of law as to absolutely preclude a right of recovery. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). In ruling that nothing short of "breaking down a door" will satisfy the requirement of a showing of force, we believe the learned trial judge was in error. In *Stearns v Vincent,* 50 Mich 209, 219–220; 15 NW 86, 91 (1883), it was stated:

"The protection of the dwelling against entry for the service of process is in the outer door only, and it is optional with the owner *to take it by closing the door against the officer, or to waive it by allowing him to enter.* If the officer once gains entrance through the outer door *without force* or fraud, the privilege is gone, and he may force open any other door if necessary to make complete service of his process." (Emphasis supplied.)

The *Stearns* case was cited with approval in *Vanden Bogert v May,* 334 Mich 606, 611; 55 NW2d 115, 117–118 (1952), wherein it was stated:

"The common law, both in England and America, jealous of instrusion upon domestic peace and security, regards every man's house as his castle and fortress as well for his defense against injury and violence as for his repose. It is this ancient and well-known principle that underlies the whole law of the right to break and enter a dwelling house to serve a civil writ or process. Accordingly, therefore, *the authorities are substantially agreed that, as a general rule, in the absence of statute, the outer door or other outside protection to a dwelling*

*house may not, even after request and refusal of admittance, be broken or forcibly entered in the execution of a civil writ or process,* either against the person or property of the householder, except, perhaps, at the suit of the King. Of course, if the door or other protection is open, *and* the officer can enter peaceably *without force and violence,* he may do so; and being lawfully in the house, he is justified in using such force as is necessary to overcome any resistance he may meet with in the service of the process, being responsible only for the excess beyond what is necessary to enable him to accomplish his purpose." (Emphasis supplied.) (Citation omitted.)

In light of the above-cited authorities, it appears obvious to us that the complaint makes allegations which, if believed by a jury, would constitute unlawful force on the part of defendants Woods and Duby. On remand, plaintiffs are granted an opportunity to amend their pleadings to include specific allegations as to the defendant attorney's part in directing the complained-of conduct of Woods and Duby, which specific allegations we deem necessary and essential to the retention of the attorneys as defendants.

Reversed and remanded for further proceedings in accord with this opinion. Costs to plaintiffs as to defendants Woods and Duby.