BARKAU v RUGGIRELLO (ON REHEARING)

Docket No. 43798. Submitted January 2, 1980, at Lansing.—Decided October 8, 1980. Rehearing granted November 18, 1980.—Rehearing decided March 2, 1982.

In *Barkau v Ruggirello,* 100 Mich App 617 (1980), the Court of Appeals reversed the order of the Livingston Circuit Court, Burt M. Hensick, J., which permanently enjoined defendants from interfering with plaintiffs' sale of their mobile home located in defendants' mobile-home park and restrained defendants from interfering with the purchaser's quiet enjoyment of the premises. The Court of Appeals determined that a proposed rule promulgated by the Mobile Home Commission exceeded the commission's statutory authority. Following that decision, the Court of Appeals granted the Attorney General's motion to intervene on the relation of the Mobile Home Commission and for rehearing. *Held:*

The rule adopted by the Mobile Home Commission prohibiting owners of mobile-home parks from denying a tenant the right to sell his or her mobile home on the site if the purchaser qualifies for tenancy and the mobile home meets the conditions of the written park rules exceeds the scope of authority granted to the commission by statute. To the extent that the language might be construed as providing the commission with rulemaking authority exceeding the statutory grant of authority, such a construction would result in an unconstitutional grant of legislative authority and, accordingly, is not favored.

The original decision of the Court of Appeals is affirmed on rehearing. The decision of the trial court is reversed and the matter remanded.

ADMINISTRATIVE LAW — MOBILE HOME COMMISSION ACT — ADMINIS-
    TRATIVE RULES.

The rule adopted by the Mobile Home Commission which prohibits mobile-home parks from denying a tenant the right to sell his or her mobile home on the site if the purchaser qualifies for

REFERENCE FOR POINTS IN HEADNOTE
54 Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps
    § 5.

tenancy and the mobile home meets the conditions of the written park rules is not within the scope of the specific provisions covered by the Mobile Home Commission Act; the general provision permitting the Mobile Home Commission to establish a uniform policy relating to all phases of mobile home business and use may not constitutionally be read to grant the Mobile Home Commission the power to institute rules not encompassed by the specific provisions of the Mobile Home Commission Act (MCL 125.1101 *et seq.;* MSA 19.855[1] *et seq.,* 1979 AC, R 125.2004[1]).

*Carl Ziemba,* for defendants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *David W. Silver,* Assistant Attorney General, intervenor.

Amici Curiae:

*Jennifer S. Bidwell* and *Michael Leonard,* for Michigan Legal Services.

*Egnor, Hamilton & Muth,* for Michigan Mobile Homeowners Association.

ON REHEARING

Before: ALLEN, P.J., and V. J. BRENNAN and MACKENZIE, JJ.

MACKENZIE, J. In *Barkau v Ruggirello,* 100 Mich App 617; 300 NW2d 342 (1980), we reversed the trial court's decision to issue a permanent injunction which allowed plaintiffs to sell their mobile home on a leased site in defendants' mobile-home park and restrained defendants from interfering with the quiet enjoyment of the premises by the purchaser. We remanded the case for trial. Although it was perhaps unnecessary for our decision on appeal, in order to prevent the issue from arising on remand we addressed the parties' con-

tentions concerning the validity of a proposed rule promulgated by the Mobile Home Commission and concluded that promulgation of the rule was beyond the statutory powers of the commission. Following our decision, we granted motions by the Attorney General of the State of Michigan for intervention and for rehearing. We also permitted Michigan Legal Services and the Michigan Mobile Homeowners Association to file briefs as amici curiae.

The proposed rule at issue became 1979 AC, R 125.2004(1), which provided:

"A mobile home park shall not deny a tenant the right to sell his or her mobile home, on site, at a price of his or her own choosing, to any individual, if the purchaser qualifies for tenancy and the mobile home meets the conditions of the written park rules, except that age shall not be used as the sole basis for refusing to allow a mobile home to remain in the park."

The subsequent amendment to the rule appears at 1980 AACS, R 125.2004; that amendment did not change the rule in a manner relevant to our decision.

Intervenor and amici curiae have offered various arguments designed to show that the rule is sound public policy. Such arguments would be better directed to the Legislature. As we noted in our previous opinion, the question before us is "whether the rule is within the matter covered by the enabling statute". See *Chesapeake & Ohio R Co v Public Service Comm,* 59 Mich App 88, 98-99; 228 NW2d 843 (1975). The enabling statute in question is the Mobile Home Commission Act, MCL 125.1101 *et seq.;* MSA 19.855(1) *et seq.* We have carefully considered the act and are unable

to find authority for promulgation of the rule in question.

Intervenor and amici curiae rely on the commission's authority to promulgate the mobile-home code. MCL 125.1105(1); MSA 19.855(5)(1) provides, in relevant part:

"The commission shall promulgate the mobile home code subject to section 4. The code shall consist of rules governing:

"(a) The licensure, density, layout, permits for construction, construction of mobile home parks including standards for roads, utilities, open space, or proposed recreational facilities, and safety measures sufficient to protect health, safety, and welfare of mobile home park residents, except water supply, sewage collection and treatment, and drainage facilities which are regulated by the department of public health.

"(b) The business, sales, and service practices of mobile home dealers.

\* \* \*

"(g) Abuses relating to:

\* \* \*

"(iv) Used mobile homes. A mobile home dealer shall provide detailed listing of its service records for used mobile homes which are being sold by the dealer and of which the dealer has knowledge."

The rule cannot be justified under any of the foregoing provisions. The rule is not concerned with "the licensure, density, layout, permits for construction [or] construction of mobile home parks". It is not a standard for "roads, utilities, open space, or proposed recreational facilities". It does not involve "safety measures". The rule does not relate to the "business, sales, and service practices of mobile home dealers"; it applies to mobile-home park owners and operators. In context, it is apparent that the provision involving

"abuses related to * * * used mobile homes" was directed at the sale of used mobile homes by dealers.

Another source of the commission's authority to promulgate rules is MCL 125.1104(1); MSA 19.855(4)(1) which provides, in relevant part:

"The commission may: (a) Promulgate rules to implement and administer this act."

Intervenor and amici argue that the rule implements and administers § 27 of the act. MCL 125.1127; MSA 19.855(27) provides:

"(1) A person shall not, in connection with the offer, sale, purchase, or rental of a mobile home, mobile home site, or equipment, relating thereto:

"(a) Employ a devise, scheme, or artifice to defraud.

"(b) Make an untrue statement of material fact or omit to state a material fact necessary to make the statement not misleading, in the light of the circumstances under which it is made.

"(2) A person shall not wilfully authorize, direct, or aid in publication, advertisement, distribution, or circulation of a statement or representation concerning a mobile home, mobile home site, or equipment relating thereto, which misrepresents the facts concerning the mobile home, mobile home site, or equipment relating thereto.

"(3) A person with knowledge that an advertisement, pamphlet, prospectus, or letter concerning a mobile home, mobile home site, or equipment relating thereto contains a written statement that is false or fraudulent, shall not issue, circulate, publish, or distribute the advertisement, pamphlet, prospectus, or letter concerning a mobile home, mobile home site, or equipment relating thereto.

"(4) A person shall not wilfully make any material misrepresentation in the sale of a mobile home, mobile home site, or equipment relating thereto."

"Fraud" is an intentional perversion or concealment of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing or to surrender a legal right. See *Johnston's Administrator v United Airlines,* 23 Mich App 279, 285; 178 NW2d 536 (1970). We fail to see any connection between the rule and fraud or misrepresentation.

It is also argued that the rule implements and administers § 28 of the act. MCL 125.1128; MSA 19.855(28) provides, in relevant part:

"(1) An owner or operator of a mobile home park shall not engage, nor permit an employee or agent to engage, in any of the following methods, acts, or practices, which are defined in this section as unfair or deceptive practices:

"(a) Charging or exacting from a person, directly or indirectly, an entrance fee.

"(b) Requiring a person to purchase directly or indirectly a mobile home from any other person as a condition of entrance to, or lease or rental of, a mobile home park space.

"(c) Charging or exacting from a person, directly or indirectly an exit fee, whether refundable or nonrefundable.

"(d) *Requiring, coercing, or inducing a person to purchase, rent, or lease goods or services from another person as a condition for entering into a mobile home park or lease or upon leaving the mobile home park to sell a mobile home through the mobile home park owner or operator,* or his agent or designee, or for the rental of space in a mobile home park.

"(e) Charging or exacting from a person, directly or indirectly, money or other thing of value for the provision or distribution of an electric or fuel service without the use of the service by a resident or tenant being first accurately and consistently measured in relation to the actual amount of the use by the resident or tenant unless the electric or fuel service is being included in the rental charge as an incident of tenancy.

"(f) Conspiring, combining, agreeing, or arranging with another person to employ, or aid or abet the employing of, any method, act, or practice which is in violation of this act.

"(g) Renting or leasing a mobile home or site in a mobile home park without offering a written lease." (Emphasis added.)

Under the statute, an owner or operator of a mobile-home park cannot refuse to allow an on-site sale of a mobile home because the parties to the sale have not paid him the equivalent of a fee. Under the rule, an owner or operator cannot refuse to allow an on-site sale because of the age of the mobile home involved. The statute and the rule may be aimed at the same goal, but the means chosen in the rule to achieve that goal are inconsistent with and significantly more restrictive than the means chosen in the statute. We do not believe that the Legislature intended the commission to use its rulemaking powers to work such fundamental changes in the statutory scheme. The rule is not "within the matter covered by the enabling statute", the standard used in *Chesapeake & Ohio R Co v Public Service Comm, supra;* rather, the rule goes beyond the matter covered by the statute.

Intervenor and amici curiae also rely upon the following provision of MCL 125.1104(1); MSA 19.855(4)(1):

"The commission may:

* * *

"(b) Act for the purpose of establishing a uniform policy relating to all phases of mobile home business and use."

Courts construe statutes so that they will be

constitutional unless the language used clearly requires the opposite result. *People v McQuillan,* 392 Mich 511, 536; 221 NW2d 569 (1974). It is well settled that the Legislature cannot constitutionally delegate to another body its lawmaking powers; thus, where the Legislature confers rulemaking authority on an administrative agency, it must prescribe the standards for the agency's guidance which are as reasonably precise as the subject matter requires or permits. See, for example, *Osius v St Clair Shores,* 344 Mich 693, 698; 75 NW2d 25 (1956). With these principles in mind, we hold that MCL 125.1104(1)(b); MSA 19.855(4)(1)(b) does not permit the commission to promulgate a rule not otherwise within the matter covered by the statute and therefore cannot be used to justify the rule at issue here.

Nothing on rehearing causes us to alter our original disposition of the case. The trial court's decision is reversed, and the case remanded for further proceedings consistent with our opinions.